408 So.2d 824 (1982)
Willis L. DAVIS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.
No. 81-1641.
District Court of Appeal of Florida, Third District.
January 19, 1982.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for petitioner.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for respondent.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
FERGUSON, Judge.
By habeas corpus proceeding petitioner challenges the court's authority to reimpose an original sentence after he has served the sentence as mitigated.[1]
On September 15, 1973 petitioner, Willie Davis, was adjudicated guilty of robbery and possession of a firearm while engaged in a robbery. On December 14, 1973 he was sentenced to ten years of imprisonment on each count, the sentences to run concurrently.
*825 On February 13, 1974, exactly sixty days after sentencing, defendant filed a notice of appeal. On March 28, 1974 while the appeal was still pending, the trial court granted defendant's motion for mitigation, which motion had been filed on December 19, 1973 and heard on January 21, 1974. The trial court reduced the sentence for robbery from ten years to five years imprisonment and reduced the sentence for firearm possession from ten years imprisonment to a five-year period of probation to run consecutive to the robbery sentence.
Petitioner was paroled on April 20, 1976 to complete a five-year period of probation. In June of 1977 he was arrested on new charges of battery and released on bond. He left the jurisdiction and was re-arrested in the state of Georgia on February 5, 1981 for violating the conditions of bond. The state did not prosecute the battery charges.
On April 28, 1981, petitioner's probation was revoked for violation of the bond conditions and he was sentenced to five years imprisonment. Petitioner filed a motion to vacate the sentence and conviction for possession of a firearm while committing an offense on the grounds that the firearm possession offense involved the same criminal act as a necessary element of the offense of robbery. The trial court agreed that defendant could not be sentenced on the second charge, see James v. State, 399 So.2d 424 (Fla. 5th DCA 1981); Monroe v. State, 396 So.2d 241 (Fla.3d DCA 1981); Jenrette v. State, 390 So.2d 781 (Fla.3d DCA 1980), and granted the motion thereby vacating the five-year sentence which had been imposed for probation violation. After vacating the sentence for violation of probation, the trial court reimposed the ten-year sentence on the robbery charge. The sentence for the robbery charge had been mitigated to five years and already served by the defendant.
In reply to the writ respondent makes two arguments. It is first suggested that because the trial court in 1974 may not have had authority to rule on a motion to mitigate, reinstatement of the initial sentence on Count I was proper.
The ability of a trial court on finding violation of parole to revoke probation and impose any sentence which might have originally been imposed, Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980), clearly does not permit revocation of one illegal sentence in order to impose another illegal sentence. See, e.g., State v. Hegstrom, 401 So.2d 1343 (Fla. 1981) (defendant may be convicted but not sentenced for both higher offense and lesser-included offense). Nor does the court's jurisdiction extend so far as to permit reinstatement of the original sentence for the higher offense on the grounds of improper mitigation, see, e.g., State ex rel. Faircloth v. District Court of Appeal, 187 So.2d 890 (Fla. 1966); Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978), when the defendant has already served the improperly mitigated sentence and has not questioned the conviction or sentencing on that offense. Cf. Palmer v. State, 182 So.2d 625, n. 2 (Fla.4th DCA 1966) (court has no power to amend sentence fully satisfied; generally an invalid sentence that has been served will not be set aside because question has become moot). Respondent further contends that the improper mitigation of sentence as to Count II which charges firearm possession, taints the sentence as to Count I charging robbery, because the trial court reduced the sentence to Count I in light of the consecutive period of probation imposed as to Count II. The argument of taint is without merit.
Petitioner is entitled to be and is hereby discharged.
NOTES
[1] We have jurisdiction under Art. V, § 4(b)(3), Fla. Const. and Fla.R.App.P. 9.030(b)(3). See, e.g., Dallas v. Wainwright, 175 So.2d 785 (Fla. 1965); Geter v. Wainwright, 380 So.2d 1203 (Fla.3d DCA 1980).