573 So.2d 170 (1991)
STATE of Florida, Appellant/Cross-Appellee,
v.
James Odell ALLEN, Appellee/Cross-Appellant.
No. 90-01092.
District Court of Appeal of Florida, Second District.
January 16, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant/cross-appellee.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellee/cross-appellant.
HALL, Acting Chief Judge.
The state appeals from the sentence imposed upon the appellee/cross-appellant, James Odell Allen. It contends that the trial court erred in not sentencing Allen to a life sentence under the habitual offender statute. We agree that the trial court erred and remand for resentencing.
Allen was found guilty of possession of cocaine with intent to sell, while carrying a firearm. The state filed notice of intention to seek an enhanced sentence under section 775.084, Florida Statutes (1989). The trial *171 court found that Allen met the statutory criteria for sentencing as a habitual offender under section 775.084 and checked the habitual offender section on the sentencing guidelines scoresheet. The trial court also wrote "habitual offender" in the space provided for reasons for departure from the guidelines. The trial court then sentenced Allen to forty years in state prison, followed by ten years' probation.
Under section 775.084, as amended in 1988, once the court determines that a defendant has met the criteria as set forth in section 775.084(1)(a) and is a habitual offender, it must sentence the defendant to such sentence as has been designated by the legislature in section 775.084(4)(a) 1, 2, or 3. See Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990). In the instant case, Allen's sentence is for a felony of the first-degree, therefore, according to subsection (4)(a)1, he must be sentenced to life if he is sentenced as a habitual offender.
Since we cannot determine whether the trial court intended to sentence Allen as a habitual offender or attempted to use habitual offender status as a reason for departure from the guidelines, we remand to the trial court for reconsideration of the sentence. In so holding, we note that a determination that a defendant is a habitual offender is not a valid reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
We find no merit to the points raised by Allen on his cross-appeal, except for his argument that costs and fees should not have been imposed upon him without notice or hearing. Therefore, we strike the costs and fees without prejudice to the state to seek reimposition after proper notice and opportunity to be heard.
We affirm the conviction but reverse the sentence and remand with directions consistent herewith.
Since our decision in this case and the case of Donald v. State appear to be in conflict with State v. Brown, 530 So.2d 51 (Fla. 1988), we certify the following question to the supreme court:
HAS THE 1988 AMENDMENT OF SECTION 775.084, FLORIDA STATUTES, ALTERED THE SUPREME COURT'S RULING IN BROWN, HOLDING THAT THE LEGISLATURE INTENDED SENTENCING UNDER SECTION 775.084(4)(A) TO BE PERMISSIVE, RATHER THAN MANDATORY, AS STATED IN DONALD?
PARKER and PATTERSON, JJ., concur.