576 So.2d 365 (1991)
Charles Andrew WALSINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01610.
District Court of Appeal of Florida, Second District.
March 6, 1991.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Charles Andrew Walsingham challenges his conviction and sentence for arson. He raises several points but the only meritorious issue we find concerns his sentencing.
The state charged the defendant with committing arson on November 5, 1988, a first-degree felony proscribed by *366 section 806.01(1), Florida Statutes (1987). A jury found him guilty as charged. The state filed a notice of intention to seek an enhanced sentence under section 775.084, Florida Statutes (1988), the habitual offender statute. At the hearing, the trial court determined that the defendant satisfied the statutory criteria for sentencing as a habitual offender. On the sentencing guidelines scoresheet, the trial court wrote "Deft declared habitual felon" in the space provided for reasons for departure from the guidelines. The result of being declared a habitual felon was that rather than be sentenced under the guidelines[1], he was to be sentenced under section 775.084. Under section 775.084(4)(a)1, a first-degree felony offender "shall" be sentenced for life. Notwithstanding its proper habitualization of the defendant, the trial court sentenced him to a twenty-five year prison term and subsequent twenty year probationary period. This was error.
If the trial court decides not to impose a life sentence, it must find that such a sentence is not necessary for the protection of the public pursuant to section 775.084(4)(c), and it would be restricted to the recommended or permitted guidelines, unless a valid written reason for departure exists. State v. Jones, 559 So.2d 204 (Fla. 1990). We note, however, a finding that the defendant is a habitual offender is not a permissible basis for departing. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
Here, the record does not reflect that the trial court determined the life sentence was unnecessary. Thus, the court should have sentenced the defendant to life in accordance with section 775.084(4)(a)1. See Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990) (under section 775.084, as amended in 1988, once the court determines that a defendant has met the criteria as set forth in section 775.084 and is habitualized, it must sentence the defendant to a sentence pursuant to section 775.084).
This case is similar to State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991). There, as here, the defendant was convicted of a first-degree felony, was sufficiently noticed, and was declared a habitual felony offender. Although the trial court found he met the criteria under section 775.084, it wrote "habitual offender" in the space provided for reasons for departure on the scoresheet and sentenced him to forty years' incarceration followed by ten years' probation. We held that once the trial court determines the defendant has met the criteria as set forth in section 775.084(1)(a), it must sentence the defendant to such sentence in section 775.084(4)(a)1, 2 or 3. However, since it was unclear whether the defendant was being sentenced under the habitual felon statute or under the guidelines, the court remanded the case for reconsideration by the trial court.
We affirm the defendant's conviction, but as we cannot determine whether the trial court intended to sentence the defendant as a habitual offender or attempted to use habitual offender status as a reason for departure from the guidelines, we must remand for reconsideration of the sentence.
Our decision in this case, as well as the decisions in Allen and Donald appear to be in conflict with State v. Brown, 530 So.2d 51 (Fla. 1988), which held that:
when a felony offender is properly habitualized and the guidelines sentence is less than life, the trial judge may not exceed the guidelines' recommendation absent a valid reason for doing so, notwithstanding the mandatory language of section 775.084(4)(a)1. as contained in Florida Statutes.
Brown, 530 So.2d at 53. Therefore, we again certify the following question as one of great public importance:
HAS THE 1988 AMENDMENT OF SECTION 775.084, FLORIDA STATUTES, ALTERED THE SUPREME COURT'S RULING IN BROWN, HOLDING THAT THE LEGISLATURE INTENDED SENTENCING UNDER SECTION 775.084(4)(a) TO BE PERMISSIVE, RATHER *367 THAN MANDATORY, AS STATED IN DONALD?
THREADGILL and PARKER, JJ., concur.
NOTES
[1] A recommended guidelines sentence would have been seven-nine years; the permitted range would have been five and one-half-twelve years. Fla.R.Crim.P. 3.701.