583 So.2d 394 (1991)
Johnnie James WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00505.
District Court of Appeal of Florida, Second District.
July 24, 1991.
Daren L. Shippy of Batchelor, Shippy & Vojak, P.A., Bonita Springs, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SCHEB, Acting Chief Judge.
Johnnie James West appeals his sentence of life in prison for robbery with a firearm, section 812.13, Florida Statutes (1989). West makes two contentions.
First, West argues that the state failed to present sufficient evidence to *395 qualify him as a habitual felony offender. We disagree. There was substantial, competent evidence to support the trial court's finding that West was a habitual offender.
The state filed a proper notice of intention to seek an enhanced sentence under section 775.084, Florida Statutes (1989). At the sentencing hearing, the State presented two certified copies of prior judgments and sentences and a pre-sentence investigation report, which the trial judge read into the record and to which West did not object. This evidence indicates that West had two prior Florida felonies and that the instant offense was committed within five years of his release from a sentence for the last one and he had not been pardoned or received post-conviction relief.
Second, he argues that he must be resentenced because of inconsistent notations in his sentence. We must agree. Although the trial court properly found West met the criteria for a habitual offender, it wrote "habitual offender" as well as "guideline life" in the space provided for reasons for departure on the scoresheet. Thus, we cannot determine whether the trial court intended to sentence West as a habitual offender or attempted to use habitual offender status as a reason for departure from the guidelines. Accordingly, we remand to the trial court for reconsideration of the sentence. See Walsingham v. State, 576 So.2d 365 (Fla.2d DCA 1991); State v. Allen, 573 So.2d 170 (Fla.2d DCA 1991). In so holding, we note that a determination that a defendant is a habitual offender is not a valid reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
We affirm West's conviction but reverse the sentence and remand for proceedings consistent with this opinion.
LEHAN and ALTENBERND, JJ., concur.