597 So.2d 309 (1992)
Aaron Calvin KING, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00036.
District Court of Appeal of Florida, Second District.
March 4, 1992.
Rehearing Denied April 22, 1992.
*312 James Marion Moorman, Public Defender, and Cecilia A. Traina, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
EN BANC
CAMPBELL, Judge.
Appellant, Aaron Calvin King, appeals the sentences imposed upon him after revocation of his community control. Essentially, appellant challenges only the ten-year prison sentence imposed pursuant to the habitual felony offender statute, section 775.084, Florida Statutes (1989), for the third degree felony offense of burglary of a structure, subsections 810.02(1) and (3), Florida Statutes (1989). We affirm appellant's sentences.
On October 8, 1990, appellant pled guilty to six charges contained in three separate informations. Case number 89-16972 charged appellant with burglary of a structure and petit theft; case number 89-16973 charged grand theft of a motor vehicle and petit theft; and case number 90-12181 charged grand theft of a motor vehicle and obstructing or opposing an officer without violence.
Appellant concedes that he was given notice by the state prior to his pleas that the state intended to treat appellant as an habitual felony offender. In fact, the notice was initiated by the trial judge but, as we observe later herein, we find nothing improper in that procedure. At sentencing, the trial judge determined appellant to be an habitual felony offender and, in case number 89-16972, placed appellant on community control for two years on the burglary count and sentenced him to time served on petit theft; in case number XX-XXXXXX, appellant was placed on community control for two years on the grand theft of a motor vehicle charge and six months community control on the petit theft; and in case number 90-12181, appellant was placed on community control for two years on each of the two counts. All of the sentences were ordered to run concurrent with each other and consecutive to the prison time appellant was then serving for a previous offense. Neither appellant nor the state appealed from the judgments or sentences or the determination that appellant was an habitual felony offender.
On December 12, 1990, appellant pled guilty to violations of his community control and was then sentenced as an habitual felony offender to ten years in prison on the burglary count of case number 89-16972; five years probation for the grand theft of a motor vehicle as charged in Count I of case number 89-16973, and time served for the petit theft charged in Count II of that information; and five years probation for the grand theft of a motor vehicle charged in Count I of case number 90-12181, and one year probation for Count II charging obstructing an officer. Each of the sentences wherein probation was imposed was to be concurrent with the others but consecutive to the prison sentence.
In this appeal taken from the sentences imposed upon the revocation of his community control, appellant now seeks to attack both his previous sentences of community control and his habitualization, even though there was no appeal at the time those previous sentences were imposed. Even if appellant's present attack on his original habitualization and sentences of community control was timely, which we hold it is not, we are without a sufficient record of that original sentencing procedure to be able to properly address any possible error there, although we do have documentation of appellant's prior felony offenses sufficient to support his habitualization.
The thrust of appellant's argument is that the trial judge's sentence of community control following a finding that appellant was an habitual felony offender constituted an illegal application of the habitual felony offender statute. Appellant then argues that, assuming that the habitual felony offender statute was improperly applied, the subsequent ten-year prison sentence imposed upon violation of community control was an upward departure from the guidelines without adequate reasons.
*313 We reject both of appellant's arguments. In doing so, we must analyze the habitual offender statute, section 775.084, much more closely and broadly than we have before been called upon to do and reassess our holdings in previous decisions of this court. Walsingham v. State, 576 So.2d 365 (Fla. 2d DCA 1991); State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991); State v. Davis, 559 So.2d 1279 (Fla. 2d DCA 1990).
First, we reject appellant's argument that a sentence of community control following habitualization of a defendant is illegal. As we have previously observed, even were we able to now reach any procedural errors in the original sentencing process, we are without a sufficient record to reveal to us what errors, if any, may have taken place. Even so, we conclude that there is nothing inherently or per se illegal about a sentence of community control coupled with a determination that a defendant is an habitual felony offender. Therefore, any error in the procedure that led to the sentence now complained of was waived by the lack of a timely appeal.
There have been a number of earlier cases, mainly decided under prior versions of the habitual felony offender statute, that have noted an inconsistent sentencing procedure in those cases that was perceived to be contrary to legislative intent. The perceived legislative intent was that an habitual felony offender should not be sentenced to a term of probation or community control or any sentence less severe than if the defendant had been sentenced without habitualization under normal sentencing guidelines or procedure. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); Davis, 559 So.2d at 1279; Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), review dismissed, 560 So.2d 235 (Fla. 1990); Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 191 (Fla. 1985); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979).
We conclude now, however, that recent amendments to section 775.084, particularly those effected by chapter 88-131, section 6, Laws of Florida, recent supreme court decisions, notably Burdick v. State, 594 So.2d 267 (Fla. 1992) and Williams v. State, 581 So.2d 144 (Fla. 1991), and our closer examination of section 775.084, make clear a trial judge's discretion to exercise leniency even after determining a defendant to be an habitual offender.
The implementation of the habitual offender sentencing process has always been a two step procedure. The first step is that prescribed in subsection 775.084(3), whereby the sentencing judge determines whether a defendant qualifies as an habitual felony offender or an habitual violent felony offender. The second step is that prescribed in subsection 775.084(4) and sets forth the sentence to be imposed after a person is determined to be an habitual felony offender. We conclude that the 1988 amendment to subsection 775.084(3) changed that determination of habitual offender status from a discretionary determination to a ministerial determination. Significant to our conclusion is the manner in which chapter 88-131, section 6, Laws of Florida, effected amendments to subsections (3) and (4) of section 775.084. We set out below the exact duplication of the manner in which that act struck previous language (illustrated by striking through omitted language) and added new language (illustrated by underlining added language).
(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender or an habitual violent felony offender misdemeanant. The procedure shall be as follows:
.....
(4)(a) The court, in conformity with the procedure established in subsection (3) and upon a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant, shall sentence the habitual felony offender as follows:
The legislative scheme in regard to habitual felony offenders as now set forth *314 in section 775.084 clearly contemplates that once a trial judge becomes aware of the fact that a defendant qualifies for habitual offender status, after proper notice to the defendant, the trial judge shall simply decide by a preponderance of the evidence whether the defendant has the requisite prior convictions to support habitualization. The trial judge shall then make the determination whether or not the defendant is an habitual felony offender or an habitual violent felony offender. Then, without the necessity of any further findings, the court, in the second step, may sentence the defendant as provided in subsections 775.084(4)(a) or (b). The trial judge, however, does retain the discretion to exercise leniency and to sentence a defendant found to be an habitual felony offender or an habitual violent felony offender to a sentence less severe than the maximum sentence that is permitted by subsections 775.084(4)(a) or (b). See Henry v. State, 581 So.2d 928 (Fla. 3d DCA 1991).
This conclusion is supported by two distinct subsections of section 775.084. First, the very definition of "habitual felony offender" as set forth in subsection 775.084(1)(a), states: "`Habitual felony offender' means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that... ." (Emphasis added). Second, subsection 775.084(4)(c) provides:
(c) If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual felony offender or a habitual violent felony offender, the court shall make that determination as provided in subsection (3).
The first sentence of subsection 775.084(4)(c) clearly provides that a trial judge, having found a defendant to be an habitual felony offender, may elect not to sentence the defendant as an habitual felony offender if the sentencing judge decides that a sentence as an habitual felony offender or an habitual violent felony offender is not necessary for the protection of the public. We find it significant that the legislature in enacting subsection 775.084(4)(c) used the phrase: "If the court decides... ." (Emphasis added.) The significance is that no "findings" are required of the trial judge to enable that judge to "decide" not to impose sentence as an habitual felony offender. In previous versions of the statute, "findings" were necessary to impose a sentence under the statute, whereas only a "decision" not to impose such a sentence is now required. We must presume the legislature had a purpose in choosing such contrasting terms of art to describe the trial judge's use or non-use of the habitual offender statute as a sentencing tool.
The second sentence of subsection 775.084(4)(c) reinforces our conclusion that the determination of habitual offender status is a ministerial act to be performed by the trial judge whenever it becomes apparent that the defendant qualifies for habitual offender status. It also leads us to conclude that it is not only proper but obligatory for a trial judge to initiate the habitualization of a defendant when that judge is made aware that the defendant qualifies for habitualization. We are not as convinced as our colleagues in Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991), that a trial judge has "some discretion in determining whether a defendant is an habitual felony offender or habitual violent felony offender." 562 So.2d at 795. While we agree that there may be "some" discretion in making that determination, as we have heretofore concluded, once the trial judge becomes aware of the defendant's qualification for habitualization, "some" discretion may in fact be very little. Part of our perception of legislative intent is that habitual felony offenders should be identified and "determined" whether or not they are punished as habitual felony offenders.
We, therefore, conclude that a trial judge retains the discretion to exercise leniency in regard to habitual felony offenders in two ways. First, using subsection 775.084(4)(c), the trial judge may simply *315 decide not to sentence the defendant as an habitual felony offender. Second, having determined to sentence the defendant as an habitual felony offender, the trial judge has the discretion to sentence an habitual felony offender to any term of years up to the maximum sentence provided in subsections 775.084(4)(a)(1), (2) and (3), or as an habitual violent felony offender to any term of years not less than the minimum mandatory nor more than the maximum sentence provided in subsections 775.084(4)(b)(1), (2) and (3). This conclusion is clearly supported by chapter 88-131, section 5, Laws of Florida, wherein policies to be followed in career criminal cases are enumerated. Chapter 88-131, section 5(2)(d), states: "All reasonable prosecutorial efforts shall be made to persuade the court to impose the most severe sanction authorized upon a person convicted after prosecution as a career criminal." (Emphasis added.)
Clearly, if the trial judge is not required but is subject to being "persuaded" to impose the maximum sentence authorized, the trial judge must obviously also be subject to being "unpersuaded" and thereby have the discretion to impose a lesser than maximum or even the minimum sentence authorized. We agree with our colleagues of the Third District Court of Appeal in their well-reasoned and carefully analyzed opinion in Henry, that State v. Brown, 530 So.2d 51 (Fla. 1988), remains viable in interpreting the use of the term "shall," as it applies to the sentencing procedure set forth in subsections 775.084(4)(a)(1) and (b)(1), to be permissive rather than mandatory. We, therefore, align ourselves with Henry and are in conflict with Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991). We recede from our previous opinions in Walsingham and Allen.
It, therefore, appears that the thrust of the habitual offender statute has been redirected. Prior to the 1988 amendments, the trial judge was required to make findings that it was necessary for the protection of the public in order to determine a person to be an habitual felony offender and to impose an enhanced sentence pursuant to the statute. Since the 1988 amendments, once it appears to the trial judge that a person is an habitual felony offender, after proper notice to the defendant, such a determination shall be made without the necessity of any findings except that the defendant qualifies by reason of the requisite prior convictions for habitualization. Then, without any findings other than the defendant is an habitual felony offender, any sentence as provided in the statute may be imposed unless the trial judge decides that a sentence as an habitual felony offender is not necessary for the protection of the public.
Another significant amendment accomplished by chapter 88-131 was the addition of subsection 775.084(4)(e) to the statute which effectively supersedes the holding in Brown as to the effect of the sentencing guidelines on habitual offender sentences. Subsection 775.084(4)(e) provides as follows:
(e) A sentence imposed under this section shall not be subject to the provisions of s. 921.001. The provisions of chapter 947 shall not be applied to such person. A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 944.275(4)(b).
The operative words of the first sentence of that subsection are "a sentence imposed." It is not, therefore, merely the determination that a person is an habitual felony offender that makes inapplicable the sentencing guidelines procedures established by section 921.001. It is the decision to sentence the defendant as an habitual felony offender, pursuant to section 775.084, after the determination of habitual offender status, that makes the sentencing guidelines (section 921.001) inapplicable to such a sentence. Should the trial judge decide, pursuant to subsection 775.084(4)(c), not to sentence a person as an habitual felony offender, even though that person qualifies as an habitual offender, any sentence then imposed must comport with sentencing guidelines or departure rules and *316 any failure to do so would be the proper subject of appeal by the state as well as the defendant. Fla.R.App.P. 9.140(c)(1)(J). However, any such appeal must be taken at the time the original sentence is imposed and within the time limits required by Rule 9.140(b)(2) and (c)(2).
If, as in this case, a trial judge exercises leniency by not imposing a section 775.084 sentence, but instead imposes a guidelines downward departure sentence of probation or community control and no appeal is then pursued, that downward departure may not be later attacked when a subsequent sentence as an habitual felony offender is imposed, pursuant to section 775.084, upon a revocation of probation or community control. A sentencing judge may, upon revocation of community control or probation, impose any sentence that could have been imposed upon the defendant at the time probation or community control was imposed. Williams.
In reaching our conclusions herein, we have examined carefully the numerous decisions of the appellate courts of this state that have at least in part addressed the issues that concern us. While we have not been able to harmonize all of those decisions, nor all of our own decisions; nevertheless, our conclusions herein now reflect what we perceive legislative intent to have been, as well as we are able to discern it, from the various legislative enactments.
In summary, we find that persons found to be habitual felony offenders may be sentenced as habitual felony offenders under subsections 775.084(4)(a)(1), (2) and (3), for felonies of the first, second and third degree, respectively, for life or any term of years not to exceed the maximum sentence prescribed for each degree of offense. Habitual violent felony offenders are, under subsections 775.084(4)(b)(1), (2) and (3), subject to the additional enhancement of minimum mandatory sentences of fifteen, ten and five years, respectively. Under this scheme then, an habitual felony offender may be sentenced as an habitual felony offender to any term of years up to the maximum enhancement allowed by reason of subsections 775.084(4)(a)(1), (2) and (3).
A person being sentenced as an habitual violent felony offender under subsections 775.084(4)(b)(1), (2) or (3) must be sentenced to a minimum mandatory sentence of fifteen, ten or five years, respectively, with the total sentence being at least fifteen but no more than life for a first degree felony, at least ten but no more than thirty for a second degree felony, and at least five but no more than ten for a third degree felony. Any lesser sentence for an habitual violent felony offender would require a subsection 775.084(4)(c) decision by the court and activation of sentencing guidelines procedures.
A decision by the court pursuant to subsection 775.084(4)(c) that sentencing as an habitual felony offender or an habitual violent felony offender is not necessary to protect the public, thereby activating sentencing guidelines procedures, is required only when the trial judge desires to sentence the defendant below the minimum sentences provided in section 775.084 or, for some other reason, desires not to sentence the defendant as an habitual felony offender and to activate guidelines requirements and procedures. Needless to say, since any sentence composed only of community control or probation imposed after a determination of habitualization is not an enhanced sentence under the statute, it would require a subsection 775.084(4)(c) decision and an activation of guidelines procedures. It should be observed that any sentence as an habitual felony offender or an habitual violent felony offender for a term of years or for life is further enhanced because such a sentence imposed under section 775.084 is not subject to chapter 947, nor is the defendant eligible for regular gain-time. See § 775.084(4)(e). There are enhancement justifications, therefore, for utilizing habitualization in sentencing a defendant, even though the sentence actually imposed is the same or even less in term of years as would have been imposed without habitualization.
In concluding our analysis of the sentencing alternatives possible under section 775.084, we must reveal a concern raised by our interpretation of the statute. We have followed the precedent we have *317 determined to be most applicable and yet we perceive that there is within the legislative plan adopted in section 775.084 something of an anomaly that may be inadvertent. Section 775.084 does not require that it only be utilized when a trial judge desires to enhance a sentence so as to be more severe than a sentence within the applicable guidelines would be. We, therefore, have concluded from a literal reading of the statute that a trial judge may sentence a qualifying defendant as an habitual felony offender to a sentence either above or below the recommended guidelines sentence and without regard to any guidelines limitations. Subsection 775.084(4)(e) simply provides that a sentence imposed under section 775.084 shall not be subject to the provisions of section 921.001. Since, as we have observed, an habitual felony offender may be sentenced to a term of years anywhere from in excess of one year up to life, depending on the degree of the felony, a trial judge could use habitualization as a method to sentence upward or downward from a recommended guidelines sentence without any right of appeal by the state or the defendant in regard to the length of or the reasons for the sentence term. It does seem clear that under section 775.084, absent a decision that sentencing as an habitual felony offender is not necessary, any sentence of such an habitualized defendant must be a prison sentence for a term of years not to exceed the maximum sentences allowable. In order to properly sentence a defendant found to be an habitual felony offender to probation or community control, the trial judge would first have to make a decision under subsection 775.084(4)(c) that a sentence as an habitual felony offender was not necessary. Having made that decision, a sentence pursuant to sentencing guidelines would then be required. If the guidelines recommended sentence called for a sentence other than probation or community control, in order to impose such a sentence, the trial judge would be required to enter an order finding proper reasons for a downward departure. Only then could the state appeal such a sentence based upon an improper departure.
As we have heretofore observed, the record in this case establishes appellant's prior felony offenses sufficient to support his habitualization and there is now no contention by appellant otherwise. Because no appeal was taken from that original habitualization and the sentence of community control, those issues and any procedural errors related thereto were thereby waived. We, therefore, find that the trial judge committed no error by imposing an enhanced sentence pursuant to section 775.084 upon revocation of defendant's community control based solely upon the defendant's habitualization at the time community control was originally imposed. No further findings other than the original habitualization of the defendant need to have been made. In light of Burdick and the conclusions we have reached herein, we recede from Walsingham v. State, 576 So.2d 365 (Fla. 2d DCA 1991), State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991) and State v. Davis, 559 So.2d 1279 (Fla. 2d DCA 1990), to the extent that this opinion conflicts with any of the holdings in those cases.
Affirmed.
SCHOONOVER, C.J., and RYDER, DANAHY, HALL, THREADGILL, PARKER, and PATTERSON, JJ., concur.
FRANK and ALTENBERND, JJ., concur with majority, but would certify the question in the separate opinion.
LEHAN, J., concurs with separate opinion.
LEHAN, Judge, concurring.
While I concur with the result of the majority opinion, I do so with reservations.
For reasons including those stated in my concurring opinion in Steiner v. State, 17 F.L.W. D166 (Fla. 2d DCA Dec. 30, 1991) [591 So.2d 1070 (Table)], I have found it difficult to imagine that the legislature intended that a defendant who has been declared to be a habitual offender, as was the defendant in this case, could properly be placed on probation or community control. As stated in that concurring opinion, it has *318 seemed to me that "like oil and water, probation [or community control] and habitualization simply do not mix." Id. at D168. Thus, it has seemed to me that the legislature intended that incarceration for such a defendant is mandatory. However, in light of the Florida Supreme Court's recent opinion in Burdick v. State, 594 So.2d 267 (Fla. 1992), which overrules the en banc opinion of the First District Court of Appeal, we are constrained to conclude, as the supreme court said in that case, that the sentencing provisions of the habitual offender statute are "permissive."
I have considered whether the supreme court meant the word "permissive" in the Burdick context to mean only permissively within the range of incarceration provided by the legislature for habitual offenders. But the supreme court's multiple, unrestricted use of the word "permissive" in its Burdick opinion requires the conclusion that the court meant what it said, i.e., that it is permissive whether to sentence a habitual offender to incarceration or not. Accordingly, I must conclude that the supreme court has effectively agreed with the majority opinion in this case that the legislature intended that trial courts be authorized to sentence declared habitual offenders to probation or community control. We therefore must affirm.
Nonetheless, since Burdick did not involve the specific issue involved in this case, I would certify the following question to the Florida Supreme Court as of great public importance:
MAY A DECLARED HABITUAL FELONY OFFENDER OR HABITUAL VIOLENT FELONY OFFENDER BE PLACED ON PROBATION OR COMMUNITY CONTROL?
There is another difficult aspect of this case. The supreme court in Lambert v. State, 545 So.2d 838 (Fla. 1989) established the restriction that upon a violation of probation or community control, no sentence beyond a one-cell bump up under the sentencing guidelines is permitted. Yet pursuant to the majority opinion in this case, we have, while approving a sentence of community control for a declared habitual offender, approved a sentence in excess of such a one-cell bump up upon the habitual offender's violation of community control.
The majority opinion looks to Williams v. State, 581 So.2d 144 (Fla. 1991) as authority for an extended sentence upon revocation of probation or community control. But, as pointed out in the Steiner concurring opinion, Williams was not concerned with the imposition of an extended habitual offender sentence upon revocation of probation or community control. Williams, which appears to contain an exception to Lambert not directly applicable to this case, was concerned with guidelines sentences, which a habitual offender sentence is not. That is, under Williams a sentence which is an upward departure from the sentencing guidelines may be validly imposed upon revocation of probation or community control if the reasons for departure were already in existence at the time probation or community control was imposed. But since habitual offender status is not a proper basis for an upward departure, e.g., Whitehead v. State, 498 So.2d 863 (Fla. 1986); West v. State, 583 So.2d 394 (Fla.2d DCA 1991), Williams can be viewed as questionable authority for the extended sentence in this case upon revocation of probation or community control beyond the one-cell bump up restriction of Lambert.
Further indicating that Williams was not considering habitual offender sentences is language in the opinion in that case reflecting a desire to not deter a trial judge from being "willing to give the defendant another chance by putting him on probation." 581 So.2d at 146. It does not seem at all realistic to conclude that the author of that opinion, Justice Grimes, meant while writing in a guidelines case to not deter, and was even thinking of not deterring  and thereby in effect actually encouraging  trial judges giving habitual offenders another chance.
Yet, consistent with my reservations expressed above about defendant's initial sentencing, I could not hold, notwithstanding Lambert, that defendant should escape habitual offender sentencing now. Accordingly, I concur with the majority opinion on *319 this aspect also but would certify to the Florida Supreme Court as of great public importance the following additional question:
IF THE ANSWER TO THE QUESTION CERTIFIED ABOVE IS IN THE AFFIRMATIVE, MAY THE HABITUAL OFFENDER, UPON VIOLATION OF PROBATION OR COMMUNITY CONTROL, BE SENTENCED TO AN EXTENDED TERM OF INCARCERATION UNDER SECTION 775.084(4)(a) OR (b)?