HARDING, Justice.
We have for review State v. Allen, 573 So.2d 170, 171 (Fla. 2d DCA 1991), in which the Second District Court of Appeal certified the following question to be of great public importance:
HAS THE 1988 AMENDMENT OF SECTION 775.084, FLORIDA STATUTES, ALTERED THE SUPREME COURT’S RULING IN BROWN, HOLDING THAT THE LEGISLATURE INTENDED SENTENCING UNDER SECTION 775.-084(4)(A) TO BE PERMISSIVE, RATHER THAN MANDATORY, AS STATED IN DONALD?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
James Odell Allen (Allen) was convicted of possession of cocaine with intent to sell, while carrying a firearm. The State filed notice of intention to seek an enhanced sentence under section 775.084, Florida Statutes (1989). The trial court found that Allen met the statutory criteria for sentencing as a habitual offender under the statute, and sentenced him to forty years in state prison, followed by ten years’ probation. Id. at 170-171.
On appeal, the Second District Court of Appeal affirmed the conviction but reversed the sentence. The court reasoned that under the habitual offender statute a defendant must receive the sentence designated in section 775.084(4)(a)l, 2, or 3. As applied to Allen, who was sentenced for a first-degree felony, the district court determined that Allen must be sentenced to life as provided in subsection (4)(a)l if he is sentenced as a habitual offender.
The district court determined that its decision and the First District Court of Appeal’s decision in Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla.1991), were in apparent conflict with this Court’s decision in State v. Brown, 530 So.2d 51 (Fla.1988). In order to clarify whether the 1988 amendments to the habitual offender statute altered our ruling in Brown, the district court certified the question to this Court.
We find that our recent decision in Burdick v. State, 594 So.2d 267 (Fla.1992), is controlling in this case. In Burdick, we determined that the 1988 amendments did not alter the operative language in subsections (4)(a) or (4)(b). Consequently, we held that sentencing under sections 775.-084(4)(a)l and 775.084(4)(b)l is permissive, not mandatory. Id. at 271. Based upon Burdick, we answer the certified question in this case in the negative.[1]
Accordingly, we quash the decision below and remand this cause for reinstatement of the sentence imposed by the trial court.
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.

. We reject Allen’s equal protection claim because we hold that sentencing is permissive for both habitual felony offenders and habitual violent felony offenders.