602 So.2d 1297 (1992)
Charles Andrew WALSINGHAM, Petitioner,
v.
STATE of Florida, Respondent.
No. 79399.
Supreme Court of Florida.
July 23, 1992.
James Marion Moorman, Public Defender and Robert D. Rosen, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Michelle Taylor, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We review Walsingham v. State, 590 So.2d 1112 (Fla. 2d DCA 1991), based on conflict jurisdiction.[1]
Walsingham was convicted of the first-degree felony of arson and found to be a habitual offender. The trial court sentenced Walsingham to 25 years in prison followed by 20 years probation. The Second District affirmed the conviction but reversed the sentence as illegal, ruling that "the court should have sentenced the defendant to life in accordance with section 775.084(4)(a)1." Walsingham v. State, 576 So.2d 365, 366 (Fla. 2d DCA 1991). At resentencing, the trial court indicated that it preferred the sentence it originally imposed, but was forced to choose between life and the guidelines sentence of 7-9 years. The trial court chose to sentence the petitioner to life as a habitual offender. On appeal, the Second District affirmed Walsingham's life sentence. Walsingham v. State, 590 So.2d 1112 (Fla. 2d DCA 1991).
We held in Burdick v. State, 594 So.2d 267 (Fla. 1992), that sentencing under the habitual offender statute is permissive, not mandatory. In this case, the trial court indicated that it did not have discretion to decline to impose a life sentence.
Accordingly, we quash the decision below and remand for the trial court to reconsider Walsingham's sentence in light of our *1298 determination in Burdick that sentencing under the habitual offender statute is discretionary.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.