PER CURIAM.
Appellant was sentenced as a habitual offender to the maximum enhanced sentences of life imprisonment on each of two counts of possession of cocaine within 1,000 feet of a public elementary school and sale of cocaine within 1,000 feet of a public elementary school. He was also sentenced to the maximum enhanced habitual offender sentence of thirty years on each count of two counts of sale of cocaine and possession of cocaine. It appears from the record that the trial judge, guided by this court’s decision in State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991), quashed, Allen v. State, 599 So.2d 996 (Fla.1992), concluded that he was required to sentence appellant to the maximum penalties designated by the habitual offender statute, section 775.-084(4)(a), Florida Statutes (1989). The holding in Allen has subsequently not only been quashed by our supreme court, but also superceded by Burdick v. State, 594 So.2d 267 (Fla.1992) and King v. State, 597 So.2d 309 (Fla.2d DCA 1992) (en banc).
We, therefore, affirm appellant’s convictions but reverse his sentences and remand for resentencing in accord with the holdings in Burdick and King.
CAMPBELL, A.C.J., PARKER, J., and SEALS, JAMES H., Associate Judge, concur.