ALTENBERND, Judge.
On April 28, 1987, Mr. Perkins was charged with burglary, petit theft, and possession of burglary tools. The offenses occurred on March 21, 1987. On April 10, 1991, Mr. Perkins pleaded guilty, and was classified as a habitual offender. - He was sentenced to community control, followed *581 by probation. On September 13, 1991, he admitted violating the conditions of both community control and probation. He was sentenced on the burglary and possession of burglary tools charges to extended terms of imprisonment pursuant to section 775.084, Florida Statutes (1991).
At the time Mr. Perkins committed these offenses, the habitual offender statute was neither a ground for departure from guidelines sentencing nor an exemption from such sentencing. Whitehead v. State, 498 So.2d 863 (Fla.1986). Accordingly, we reverse his sentences imposed pursuant to section 775.084, and remand for re-sentencing within the guidelines. See Barber v. State, 584 So.2d 128 (Fla. 2d DCA 1991).
Contrary to the state’s argument on appeal, our decision in King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992), does not preclude a defendant from appealing an illegal habitual offender sentence, entered on violation of probation, merely because he did not challenge the habitual offender status when he was sentenced to probation. In King, we concluded that it was not illegal to impose community control or probation upon a defendant who has been declared a habitual offender, and that any attack upon such sentencing after revocation of community control or probation was untimely. 597 So.2d at 313. In this case, however, habitual felony offender sentencing was not legally available at the time Mr. Perkins committed the offenses. Thus, the sentence imposed under the habitual offender statute may be challenged at this time. See, e.g., Kiser v. Mayo, 138 Fla. 775, 190 So. 246 (1939) (where judgment and sentence were not authorized by law, trial court’s jurisdiction continues until lawful judgment entered); Greenhalgh v. State, 582 So.2d 107 (Fla. 2d DCA 1991) (sentence that exceeds statutory maximum is illegal and may be appealed at any time); Wahl v. State, 543 So.2d 299 (Fla. 2d DCA) (departure sentence imposed for crimes committed prior to effective date of guidelines was illegal and subject to attack by motion to correct illegal sentence), review denied, 551 So.2d 463 (Fla.1989).
Reversed and remanded for resentenc-ing.
RYDER, A.C.J., and HALL, J., concur.