PER CURIAM.
Wallace Duncan appeals the revocation of probation in three cases and the sentences imposed upon revocation.
We affirm the order revoking probation, but strike that portion which finds Mr. Duncan attempted to hit the officers with a “police judo handcuff stick set” because such finding is not supported by the evidence. Williams v. State, 375 So.2d 867 (Fla. 2d DCA 1979).
We affirm the sentences, imposed pursuant section 775.084, Florida Statutes (1991), in case number 91-3770. See King v. State, 597 So.2d 309 (Fla. 2d DCA 1992).
We reverse the ten-year sentences imposed in case numbers 89-11876 and 89-20974 because they exceed the statutory maximum of five years’ imprisonment for third-degree felonies. On remand, the trial court shall resentence Mr. Duncan pursuant to the guidelines and may increase the sentences by one cell for each probation violation. Williams v. State, 594 So.2d 273 (Fla.1992); McNeal v. State, 595 So.2d 1091 (Fla. 2d DCA 1992).
*282 Affirmed in part, reversed in part, and remanded for resentencing.
RYDER, A.C.J., and FRANK and • ALTENBERND, JJ., concur.