FRANK, Chief Judge.
On May 25,1989, Charles Walsingham was convicted of arson, a first degree felony, and found to be a habitual offender. He received a split sentence composed of 25 years in prison followed by 20 years of probation. In our initial review of this matter we affirmed Walsingham’s conviction, but we reversed the sentence because the prevailing rule was that the habitual offender statute mandated “life in accordance with section 775.084(4)(a)l.” Walsingham, v. State, 576 So.2d 365, 366 (Fla. 2d DCA 1991). Upon remand the trial court noted that it was empowered to choose between a life term, in accordance with our mandate, and a non-habitualized guidelines term of 7-9 years. The court imposed a life term, and we affirmed. Walsingham v. State, 590 So.2d 1112 (Fla. 2d DCA 1991). The supreme court, however, quashed our decision as a result of its then recent holding in Burdick v. State, 594 So.2d 267 (Fla.1992), i.e., that sentencing under the habitual offender statute is permissive, rather than mandatory. Walsingham v. State, 602 So.2d 1297 (Fla.1992). The trial court was directed to reassess Walsingham’s sentence in the light of Burdick. The record of the subsequent sentencing proceeding, which we have now reviewed, reflects the trial judge’s initial inclination to return to the split sentence. The trial judge, however, concerned that Walsingham continued to resist efforts at reformation while in prison and had displayed little remorse for his crime, adhered to the life sentence, relying upon the existing record and his recollection of testimony given in the 1989 criminal proceeding.
We agree with Walsingham’s contention that Burdick rendered the trial court’s original sentence legal. Therefore, to impose a more severe penalty, after commencement of a lawful sentence, without judicially cognizable justification, violates the fundamental due process guarantee prohibiting harsher penalties upon resentencing. See Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980); see also, North Carolina v. *964 Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969) (reasons for enhancing sentence “must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding”), overruled, in part, on other grounds, Alabama v. Smith, 490 U.S. 794, 799-803, 109 S.Ct. 2201, 2205-07, 104 L.Ed.2d 865 (1989). Here, the trial court in resentencing Walsingham relied not only upon evidence adduced against him at the trial three years earlier but also upon his impression that Walsingham had not yet learned from his mistakes. Those factors are not the kind of “identifiable conduct” envisioned by Pearce. See Wemett v. State, 567 So.2d 882, 886 (Fla.1990) (objective information probative of such conduct includes new evidence concerning the crime or an intervening conviction).
Because the record provides no evidentiary basis to support an increased sentence, we vacate the life sentence and remand with instructions to reinstate the original sentence.
RYDER and HALL, JJ., concur.