PER CURIAM.
Sylvester Orr seeks review of the trial court’s summary denial of his postconvietion motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse on issue two only because the trial court’s order does not conclusively demonstrate that Orr is not entitled to any relief.
Orr raises two issues in his motion. We affirm on issue one since it is a matter which should have been raised on direct appeal. See King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992). In his second issue Orr claims his counsel was ineffective for failing to inform the trial court that habitual offender sentencing was discretionary not mandatory. It appears from those portions of the transcript attached to Mr. Orr’s motion that the defense was attempting to get concurrent five year sentences. In response to this request the trial judge made it clear he believed he had to sentence as a habitual offender when he said, “Now that the Notice of Enhancement has been filed and he’s been adjudicated guilty I have no choice but to go ahead and do the enhanced penalty.” Orr contends but for this incorrect assumption there is a reasonable probability that the result of the sentencing proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state argues this prong has not been demonstrated because the seven year sentence received was the low end of his guidelines range. This argument, however, overlooks the fact that the seven years as a habitual offender makes Orr ineligible for gaintime credits.
*838 The trial court denied relief by adopting the state’s response on this issue. That response does not conclusively show Orr is not entitled to relief. We, therefore, reverse the denial of relief as to issue two and remand for further proceedings to consider whether the result of the sentencing would have been different had the trial court been aware of the discretionary nature of habitual offender sentencing.
PARKER, A.C.J., and PATTERSON and QUINCE, JJ., concur.