799 So.2d 388 (2001)
STATE of Florida, Appellant,
v.
John SWIDER and Thomas Swidersky, Appellees.
No. 4D00-4392.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
*389 Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellant.
David A. Brener, Boca Raton, for appellees.
PER CURIAM.
The State appeals the trial court's dismissal of charges of possession of cocaine more than twenty-eight grams against Thomas Swidersky and John Swider (the "Defendants").
John Swider and Thomas Swidersky plead guilty to possession of cocaine more than twenty-eight grams and were convicted and sentenced to five years of drugoffender probation. The State appealed, and we reversed, holding that the sentence was illegal under section 893.135.[1]See State v. Swider, 654 So.2d 562, 563 (Fla. 4th DCA 1995), hereinafter Swidersky I.
On remand from Swidersky I, the trial court allowed the Defendants to withdraw their plea of guilty, vacated the sentence, and scheduled the matter for trial. During the pendency of this case on remand, while awaiting re-trial, numerous defense continuances were granted. The Defendants also continued to comply with the probation conditions of their now invalid sentence. Eventually, the Defendants completed the term of the originally ordered five-year probationary imposition, and, through counsel, filed a motion to dismiss, advancing the argument that since the Defendants had already completed their sentence they could not be re-sentenced. The trial court denied the motion to dismiss, but made the following statement on the record.
As you know, my sympathies lie with the defense. The sentence that I sentenced them to back in 1994 was fair at the time. I still think it's fair. Unfortunately, the 4th DCA said it wasn't. They said it was illegal. As much as I feel for the defense, legally speaking I *390 can't make a finding that an illegal sentence was successfully completed.
. . . .
The sentence was successfully completed. However, it was an illegal sentence. And therefore, I don't see how it can be successfully completed.
. . . .
I'm going to have to deny the motion reluctantly so. However, let me make another suggestion to you. This is that you apply for clemency. I've seen a lot worse cases than this be granted.
. . . .
Normally the offer of clemency asks for the judge's recommendation. This is the one case that I would probably recommend clemency.
Subsequently, the Defendants filed an amended motion to dismiss, this time arguing that principles of due process and double jeopardy prohibited the State from retrying them. In adopting the Defendant's argument, the trial court dismissed the case stating, "I'm going to make the finding that double jeopardy, due process, and as much equity can be considered in a criminal court, that they all cry out for the motion to be granted....Motion to Dismiss granted."
The Defendants argue in essence that they completed their sentence and therefore double jeopardy precludes retrial, or re-sentencing. In support of this proposition, they cite both Davis v. Wainwright, 408 So.2d 824 (Fla. 3d DCA 1982), and Palmer v. State, 182 So.2d 625 (Fla. 4th DCA 1966). Although the Defendant's assessment of the holdings in those cases is accurate, the facts of the instant case deflate the weight of their argument.
Unlike in Davis and Palmer, in the case at bar, there were no sentences to complete. In the instant case, on remand from Swidersky I, the trial court judge immediately vacated the Defendant's sentences. The vacation of the sentences rendered them void. Notwithstanding this, the Defendants continued to fulfill the probation requirements of their vacated sentence.
On this point, the Defendants argue that their probation supervisors required their continued adherence to the terms of their probation, and that this compelled them, through fear of violation, to continue the probationary sentence. The fact remains that the sentence itself was no longer a valid sentence. Clearly, the Defendants' counsel could have sought relief in the very trial court that had vacated the sentence. For whatever strategic reason, counsel chose not to exercise redress to the courts, and instead allowed the Defendants to continue the probationary course.
Therefore, on this issue, we find that the Defendants could not have completed a term of probation on a vacated sentence, and thus, cannot prevail on their double jeopardy and due process claims.
On the more general argument raised by Defendants regarding due process and double jeopardy, we find those equally without merit.
The controlling constitutional principle in the double jeopardy guarantee is a prohibition against multiple trials, and even this protection is not absolute. See United States v. DiFrancesco, 449 U.S. 117, 132, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The double jeopardy guarantee does not confer immunity from punishment because of a defect sufficient to constitute reversible error in previous proceedings. See id. The double jeopardy clause is not an absolute bar to the imposition of an increased sentence on remand from appellate *391 review of an issue of law concerning the original sentence. See Harris v. State, 645 So.2d 386 (Fla.1994). Sentences do not have the constitutional quality of finality that attends an acquittal. See DiFrancesco, 449 U.S. at 130, 101 S.Ct. 426; see also Goene v. State, 577 So.2d 1306 (Fla. 1991) (analyzing, with approval, the reasoning in DiFrancesco and holding that a sentence does not have the qualities of constitutional finality, and a defendant may be re-sentenced on remand after already beginning to serve a sentence). A trial court may vacate an illegal sentence and impose a harsher sentence without violating the defendant's double jeopardy rights. See Wright v. State, 599 So.2d 179, 180 (Fla. 2d DCA 1992).
In the case at bar, the Defendants' sentences were illegal. See Swidersky I, at 562. Under the reasoning of DiFrancesco and its progeny, it is well accepted that a defendant may be re-sentenced, even to a harsher term, where the original sentence was an illegal one, without invoking double jeopardy concerns. Therefore, under the logic of Goene and Wright, the re-sentencing of the Defendants in this case would not offend the notions of double jeopardy and we reverse the order of the trial court dismissing the case and remand with instructions to retry the Defendants without unnecessary delay. See Goene, 577 So.2d at 1306; Wright, 599 So.2d at 179.
REVERSE AND REMAND
POLEN, C.J., GUNTHER and WARNER, JJ., concur.
NOTES
[1] The Defendants were charged with trafficking under section 893.135. Pursuant to the sentencing provisions of that section the Defendants were subject to a minimum mandatory sentence of three years incarceration, without the possibility of departure by the trial judge.