PARKER, Judge.
We affirm Russell’s conviction and the sentence imposed thereon. In our review of the record, however, we find it necessary to remand this case to the trial court for entry of an order which permits Russell, who was designated by the trial court to be a habitual offender but was sentenced to a guidelines sentence, to receive the appropriate gain time[1] while serving *1343 his sentence and for modification of the written judgment and sentence.
King v. State, 597 So.2d 309 (Fla. 2d DCA 1992) (en banc), review denied, 602 So.2d 942 (Fla.1992) held that the trial court is required to designate a defendant a habitual offender as a ministerial act if the state establishes the predicate requirements set forth in the habitual offender statute. King further held that the trial court could elect to sentence a habitual offender to a guidelines sentence. King, 597 So.2d at 314-15. We recognize that the Department of Corrections (DOC) may have problems ascertaining when to award gain time to some defendants because the uniform judgment and sentence form, which the supreme court promulgated in Florida Rule of Criminal Procedure 3.986, does not provide for this option.
It appears logical that a defendant’s adjudication as a habitual offender should appear under the judgment portion of the judgment and sentence document; however, there is no area under the judgment portion for such an entry. The trial court, therefore, should enter on the judgment that the defendant is adjudged a habitual offender in accordance with the provisions of section 775.084, Florida Statutes.
Under the sentence portion of the document, the following language appears:
SPECIAL PROVISIONS
By appropriate notation, the following provisions apply to the sentence imposed in this section:
[[Image here]]
Habitual Offender □ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court.
When the trial court elects not to impose an enhanced sentence but instead wants the defendant to serve a guidelines sentence, which would permit the defendant to be eligible for gain time while in prison, the trial court shall “x out” the words “and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a).”
Normally these two entries by the trial court to the judgment and sentence document would indicate clearly to the DOC when to credit habitual offenders with gain time; however, in an abundance of caution, we require a separate order in this case because DOC already has received two judgments and sentences in this case. We remand to the trial court for entry of a separate order regarding Russell’s eligibility for gain time and for modification of the judgment and sentence consistent with this opinion. The defendant need not be present.
LEHAN, C.J., and PATTERSON, J., concur.

. Section 944.275, Florida Statutes (1989) provides for the award of gain time to prisoners to add incentives for good behavior. Section 775.-084(4)(e), Florida Statutes (Supp.1988) limits *1343 granting gain time to prisoners sentenced to an enhanced sentence under the habitual offender statute.