RYDER, Judge.
William Russell challenges his sentence as a habitual offender, raising four points on appeal. We agree with his first contention that the trial court’s refusal to allow him gain time conflicted with our mandate in a previ *577 ous appearance of this case on appeal. Because we reverse based on this first issue, it is unnecessary for us to address Russell’s other points.
When this case first appeared before us, we remanded it to the trial court “for entry of an order which permits Russell, who was designated by the trial court to be a habitual offender but was sentenced to a guidelines sentence, to receive the appropriate gain time while serving his sentence and for modification of the written judgment and sentence.” Russell v. State, 605 So.2d 1342 (Fla. 2d DCA 1992). On remand, the lower court entered an order stating that the issue was “whether [the trial judge] intended that the Defendant receive the gain time he would not normally receive as a habitual offender” and determining that the court indeed did intend to limit Russell’s gain time.
Obviously, this order did not comply with our mandate. We did not remand for the trial court to decide whether Russell should receive gain time; we had already determined he was entitled to it. Absent permission, a trial court has no authority to alter or evade a district court’s mandate; it must give precise effect to that dictate. Patten v. State, 531 So.2d 203 (Fla. 2d DCA 1988). We remand this case, again, to the trial court with directions to enter an order that permits Russell to receive appropriate gain time while serving his sentence.
Reversed and remanded.
FRANK, C.J., and PARKER, J., concur.