KELLY, Judge.
Michael M. Clarkson appeals from the sentence imposed upon him for the offense of felon in possession of a firearm. We agree that the trial court erred in imposing a minimum mandatory sentence for that offense and, therefore, reverse and remand for resentencing as to that count.
On November 4, 1997, Clarkson entered open pleas of guilty to attempted first-degree murder, four counts of armed robbery, three counts of attempted armed robbery, armed kidnaping, felon in possession of a firearm, and carrying a concealed firearm. His resulting sentences were based on the 1995 guidelines and included three-year minimum mandatory sentences on all counts except the carrying a concealed weapon count. Clarkson appealed his sentences, and on July 9, 1999, this court issued an opinion striking the minimum mandatory sentence from the felon in possession of a firearm count and affirming in all other respects. Clarkson v. State, 736 So.2d 156 (Fla. 2d DCA 1999).
On April 5, 2000, Clarkson filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a) alleging that his sentences were illegal under Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court resentenced Clarkson under the 1994 guidelines pursuant to Heggs and reimposed the three-year minimum mandatory sentences. We remand so that the trial court may strike the three-year minimum mandatory sentence imposed for felon in possession of a firearm as mandated by this court in Clarkson. See Russell v. State, 627 So.2d 576 (Fla. 2d DCA 1993) (holding that the trial court must give precise effect to the district court’s mandate).
Reversed.
FULMER and SILBERMAN, JJ., concur.