706 So.2d 399 (1998)
Kenneth E. BARTON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01195.
District Court of Appeal of Florida, Second District.
February 20, 1998.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
MOORE, CECELIA, M., Associate Judge.
Kenneth E. Barton entered into a plea bargain for a sentence of twelve years' incarceration as a habitual offender to dispose of three cases encompassing charges of robbery, attempted burglary, and grand theft. The plea form he signed stated that he would receive a sentence of twelve years as a habitual offender. The trial court sentenced him in accord with the plea bargain. He now appeals, contending that he was sentenced as a habitual offender in error because the trial court did not have the benefit of a presentence investigation report prior to imposing the habitual offender sentence.
The record shows that the trial court did not have a presentence investigation report as required by section 775.0849(3)(a)1, Florida Statutes (1995), before sentencing the appellant. Based on this and on Burns v. State, 682 So.2d 675 (Fla. 4th DCA 1996), and Bardwell v. State, 617 So.2d 431 (Fla. 4th DCA 1993), the State concedes the error. *400 We find the State too quick to concede based on the particular facts of this case. Because the appellant bargained for a habitual offender sentence and signed the plea form which clearly contemplated a habitualized sentence, one which he does not contest he qualifies for, he effectively waived the requirement of the presentence investigation report. See Likely v. State, 583 So.2d 414 (Fla. 1st DCA 1991) (record shows plea was discussed with defendant; trial court stated it considered plea as waiver of PSI; defense counsel discussed trial court's interpretation with defendant; defendant waived procedural requirement and agreed to be sentenced as habitual offender). Both Burns and Bardwell are distinguishable because there is no mention of a plea bargain showing either defendant in those cases expected to receive a habitual offender sentence.
We affirm.
PATTERSON, A.C.J., and BLUE, J., concur.