CAMPBELL, Acting Chief Judge.
This appeal involves four trial court cases. Appellant was originally given a suspended sentence of twenty-seven months’ incarceration and placed on two years’ community control followed by one year of probation in Case Nos. 96-2143, 96-6105, and 96-6529. Appellant was thereafter charged with a new offense in Case No. 96-17742 and noticed by the State that he would be sentenced as a habitual offender in that case. All four cases were disposed of at one hearing held on June 5, 1997. At that hearing, the trial court orally sentenced appellant on each of the probation revocation cases to the original suspended sentence of twenty-seven months’ incarceration. Appellant was sentenced as a habitual offender to thirty-six months’ incarceration followed by two years’ probation on the new charge in Case No. 96-17742. The State concedes that the written sentences on the probation revocation cases do not conform to the trial court’s oral pronouncement in that they indicate that appellant was sentenced to a suspended term of twenty-seven months’ incarceration followed by two years’ community control. We therefore remand Case Nos. 96-2143, 96-6105 and 96-6529 to the trial court with directions that the written sentences be corrected to conform to the trial court’s oral pronouncement.
In his second issue, appellant contends that the trial court erred in sentencing him as a habitual offender without consulting a presentence investigation report as required by section 775.084(3)(a)l, Florida Statutes (1997). After a review of the record we disagree. The transcript reveals that appellant was aware that the State was seeking a habitual offender sentence on the new charge. Appellant’s counsel represented to the court that appellant would enter a guilty plea to the new charge if the court would indicate what sentence he would receive based on his mental history. The court informed appellant that he would be sentenced to the original twenty-seven-month sentence. Appellant’s counsel stated that appellant had no objection to that disposition, but requested that the twenty-seven-month sentence on the revocation cases and the sentence on the new charge run concurrently so that appellant could continue to receive treatment while incarcerated. The trial judge agreed, appellant pleaded guilty, and appellant was sentenced accordingly. Under these circumstances, we conclude that appellant waived his right to a PSI. See Barton v. State, 706 So.2d 399 (Fla. 2d DCA 1998).
Affirmed; remanded with directions.
THREADGILL and GREEN, JJ., Concur.