GREEN, Judge.
In this Anders appeal, the appellant, Keith Sims, contests the trial court’s order adjudicating him guilty of two counts of possession of cocaine (case numbers 98-8916 and 98-10657) and one count of uttering a forged instrument (case number 98-6388). Appellant was sentenced to thirty months of imprisonment in 98-8916 and 98-6388, and thirty days of imprisonment in 98-10657, all to run concurrently. We affirm the judgments but remand for correction of Sims’s sentences.
Sims entered no contest pleas to three separate charges based on an agreement for sentences of thirty months’ imprisonment on case numbers 98-8916 and 98-6388. He also received thirty days of imprisonment on case number 98-10657.
Sims’s written sentence in 98-6388 provides that it is to run concurrently with his other two sentences in case numbers 98-8916 and 98-10657. However, the written sentence for case number 98-8916 provides that the sentence in that case is to run concurrently with the sentence in case number 98-8916; to wit, itself. The written sentence in case number 98-10657 provides that the sentence in that case is to run concurrently with the sentence in case number 98-8916. Since these inconsistencies are clearly scrivener’s errors, as the actual sentences imposed were appropriate under the agreement, we remand so that proper written sentences may be entered that conform with the trial court’s oral pronouncement. See Gilano v. State, 724 So.2d 1226 (Fla. 2d DCA 1999).
*716 We, therefore, affirm, but remand with directions that the sentences be corrected to reflect that they are to be served concurrently.
CASANUEVA and SALCINES, JJ., Concur.