PER CURIAM.
The State appeals from a sentence imposed pursuant to the habitual offender statute, section 775.084, Florida Statutes (1989). We affirm.
After adjudicating the defendant guilty of various offenses, the trial court declared the defendant a violent habitual offender and sentenced him to twenty-five years in prison for armed robbery. The State argues that under section 775.084(4)(b), the trial court was bound to sentence the defendant to life in prison with no eligibility for release for fifteen years. We disagree. “Contrary to the State’s assertion, the ‘shall sentence’ provision of the habitual offender statute ... is permissive, not mandatory.” Henry v. State, 581 So.2d 928 (Fla. 3d DCA 1991) (citations omitted). See also Smith v. State, 574 So.2d 1195 (Fla. 3d DCA 1991). As we did in Henry, we certify conflict with State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 166 (Fla.1991); and Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 291 (Fla.1991).[1]
Affirmed; conflict certified.

. We note that the Florida Supreme Court has accepted jurisdiction to decide this issue. State v. Washington, 582 So.2d 623 (Fla.1991).