592 So.2d 676 (1992)
STATE of Florida, Petitioner,
v.
William Charles EASON, Respondent.
No. 78508.
Supreme Court of Florida.
February 6, 1992.
*677 Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
John L. Lipinski, Miami, for respondent.
PER CURIAM.
We have for review State v. Eason, 592 So.2d 1106 (Fla. 3d DCA 1991), in which the district court certified conflict with State v. Allen, 573 So.2d 170 (Fla. 2d DCA 1991); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), review denied, 581 So.2d 166 (Fla. 1991); and Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (1991).[*]
Eason was convicted of armed robbery and sentenced as a habitual violent felony offender under section 775.084(4)(b)(1), Florida Statutes (1989), to twenty-five years in prison. The State appealed the sentence and the district court affirmed.
The State argues that sentencing under the habitual offender statute is mandatory, not permissive, and thus the trial court was required to sentence the defendant to life in prison without eligibility for release for fifteen years, the maximum penalty set forth in the statute.
We rejected the State's interpretation of the habitual offender statute and disapproved Donald in Burdick v. State, No. 78,466 ___ So.2d ___ (Fla. Feb. 6, 1992), where we held that sentencing under both sections 775.084(4)(a)(1) and 775.084(4)(b)(1) is permissive, not mandatory.
Accordingly, we approve the opinion below and disapprove Allen and Pittman to the extent they are inconsistent with our opinion in Burdick.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents.
NOTES
[*] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.