605 So.2d 997 (1992)
Lamar Leon SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01233.
District Court of Appeal of Florida, Second District.
October 9, 1992.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Lamar Leon Sims (Sims) appeals his resentencing in case no. CF 90-3315. For each of the two robbery counts in case no. CF 90-3315, he received a sentence of concurrent ten years habitual offender probation. These sentences were imposed on March 19, 1991. Two days later on March 21, 1991, the trial court vacated Sims' sentences and imposed two sentences of ten years minimum mandatory imprisonment as a habitual violent felony offender on each count consecutively. Sims contends the trial court illegally enhanced the sentences. We disagree and affirm.
A trial court is required to impose the minimum mandatory sentence under section 775.084(4)(b)(2), Florida Statutes (1989). King v. State, 597 So.2d 309, 315 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992). In this case, at the original sentencing hearing, the trial court found Sims to be a habitual violent felony offender but sentenced him to probationary terms instead of to the minimum mandatory terms for the second degree felonies. This court's ruling in King would have required reversal if the state had appealed the original sentences. At the resentencing, after the state objected to the probationary terms, the trial judge was authorized to correct the illegal sentences. We hold the resentencing was in accord with section *998 775.084(4)(b)(2) and with King, 597 So.2d at 315.
Affirmed.
CAMPBELL, A.C.J., and PARKER and BLUE, JJ., concur.