698 So.2d 831 (1997)
STATE of Florida, Petitioner,
v.
Jimmy HUDSON, Respondent.
No. 89380.
Supreme Court of Florida.
August 28, 1997.
Robert A. Butterworth, Attorney General; and Wanda Raiford and Sandra S. Jaggard, Assistant Attorneys General, Miami, for Petitioner.
Jimmy Hudson, Punta Gorda, pro se.
*832 HARDING, Justice.
We have for review Hudson v. State, 682 So.2d 657 (Fla. 3d DCA 1996), which expressly and directly conflicts with the opinions in White v. State, 618 So.2d 354 (Fla. 1st DCA 1993), Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992), and Martin v. State, 608 So.2d 571 (Fla. 5th DCA 1992), on the issue of whether the imposition of minimum mandatory terms under the habitual offender statute is permissive or mandatory. We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Jimmy Hudson was charged by information with armed robbery, aggravated battery, and grand theft. The State filed a notice of its intent to seek an enhanced penalty under Florida's habitual offender statute. Hudson entered a written plea agreement whereby the State would nolle prosequi the aggravated battery and grand theft charges and Hudson agreed to plead guilty to armed robbery in exchange for a twelve-year sentence should he be found to qualify as an habitual violent felony offender. After hearing testimony and argument of counsel and reviewing the presentence investigation report and certified copies of Hudson's prior judgments and sentences, the court ordered that Hudson be sentenced as an habitual violent felony offender and sentenced him to twelve years in prison.
There was no mention of a minimum mandatory sentence in the written plea agreement, at the sentencing colloquy, or in the sentencing documents. After Hudson began serving his sentence, the Department of Corrections wrote to the trial judge and stated that although the sentencing documents did not refer to a mandatory term, they had set up Hudson's record to show a twelve-year mandatory sentence pursuant to the habitual offender statute. The trial court held a hearing regarding the letter. Hudson stated that he did not want to vacate his plea; the State recommended that the sentence stay as ordered. The court remanded Hudson to the Department of Corrections under the terms of the bargained sentence.
Hudson subsequently filed a motion to correct illegal sentence, alleging that the trial court improperly amended his sentence to add a minimum mandatory term pursuant to the habitual violent felony offender statute.[1] The judge ruled that the sentence previously imposed would remain in effect and denied the motion to correct the sentence.
Hudson appealed to the Third District Court of Appeal, which found that the trial court had never imposed a minimum mandatory provision and affirmed the trial court's ruling. Hudson, 682 So.2d at 658. However, the district court noted that the affirmance was without prejudice to Hudson to challenge the sentence again should the Department of Corrections seek to enforce a mandatory term. Id. The district court also stated that the sentence was not illegal because the imposition of minimum mandatory terms under the habitual offender statute is permissive, not mandatory. In a footnote, the district court recognized conflict on this point with the decisions in White, Sims, and Martin. The district court further noted that the Fourth District Court of Appeal has also held that the imposition of mandatory minimum terms is discretionary. See Green v. State, 615 So.2d 823 (Fla. 4th DCA 1993). The State sought review by this Court based upon express and direct conflict.
This Court has repeatedly held that sentencing under the habitual offender statute is permissive, not mandatory. Walsingham v. State, 602 So.2d 1297 (Fla.1992); Burdick v. State, 594 So.2d 267 (Fla.1992). This discretion extends to sentencing under both section 775.084(4)(a), Florida Statutes (1995), the habitual felony offender provision, and section 775.084(4)(b), the habitual violent felony offender provision. Burdick, 594 So.2d at 271.
In White, one of the conflict cases cited by the district court in the instant case, the First District Court of Appeal acknowledged the holding in Burdick and its applicability to *833 both the habitual felony and habitual violent felony offender provisions. 618 So.2d at 358-59. However, the First District Court stated that Burdick was limited to whether the maximum sentence is mandatory or permissive and that "[i]t does not necessarily follow from Burdick that the minimum sentence for a defendant sentenced pursuant to the habitual violent felony offender statute is permissive." White, 618 So.2d at 359. The First District Court went on to conclude that the imposition of the minimum mandatory terms specified in the habitual violent felony offender provisions are mandatory, not permissive. Id. The district courts reached the same conclusion in the other conflict cases. See Sims, 605 So.2d at 997; Martin, 608 So.2d at 571.
We do not agree with the interpretation imposed by the conflict cases. In Burdick, we explained that even though section 775.084(4)(a) provides that the court "shall" sentence an habitual felony offender to a specified term of years, the statute must be read consistently with subsection (4)(b), which provides that the court "may" sentence an habitual violent felony offender to the terms specified. Accordingly, we held that sentencing under both subsections (4)(a) and (4)(b) is permissive and not mandatory. Burdick, 594 So.2d at 267-68.
As we explained in Burdick, "[i]t is a well-established rule of statutory construction that when a statute is reenacted, the judicial construction previously placed on the statute is presumed to have been adopted in the reenactment." Id. at 271. Thus, the legislature has at least tacitly approved the Court's interpretation of section 775.084(4) as providing for permissive sentencing. Id.
Clearly a court has discretion to choose whether a defendant will be sentenced as an habitual felony offender. Consistent with Burdick and its progeny, we conclude that the court's sentencing discretion extends to determining whether to impose a mandatory minimum term. Cf. State v. Eason, 592 So.2d 676 (Fla.1992) (rejecting State's argument that trial court was required to sentence habitual violent felony offender to life term without eligibility for release for fifteen years; approving sentence of twenty-five years imposed by trial court and affirmed by district court).
Accordingly, we approve the decision below and disapprove the conflict cases to the extent they are inconsistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which GRIMES, J., concurs.
WELLS, Justice, dissenting.
I must dissent because I can find no logical basis for simply eliminating by judicial fiat the plain language of section 775.084(4)(b), which requires minimum mandatory sentences for habitual violent felony offenders. The majority opinion supplies no such basis.
The majority cites to Burdick v. State, 594 So.2d 267 (Fla.1992), in which this Court converted "shall" to "may" in section 775.084(4)(a), Florida Statutes (1995), pertaining to habitual felony offenders. I can understand the logic of our rewrite of the statute in Burdick so that section 775.084(4)(a) would conform with section 775.084(4)(b), which uses the term "may." It is logical to conclude that the legislature did not intend to allow permissive sentencing for violent felony offenders while requiring mandatory sentencing for nonviolent felony offenders.
However, it cannot reasonably be deduced from Burdick that this Court should rewrite section 775.084(4)(b) so as to delete the following underlined language of the statute:
1. In the case of a life felony, or a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.

2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years.

3. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.

*834 Rather, the reasonable and logical interpretation of this statute is that given to it by Judge Mickle in the district court's opinion in White v. State, 618 So.2d 354 (Fla. 1st DCA 1993):
Noting the lack of minimum mandatory provisions in the habitual felony offender provisions in section 775.084(4)(a)(1)-(3), we believe our interpretation of the minimum mandatory provisions in the habitual violent felony offender statute, section 775.084(4)(b)(1) through (4)(b)(3), as being, in fact, mandatory, is consistent with the legislative intent to distinguish habitual offenders from habitual violent offenders and to further enhance the latter's sentences.
618 So.2d at 359.
Judge Mickle, writing for the First District, is undoubtedly on point as to legislative intent. I believe the legislature should state this at its next session, in view of the majority's opinion.
NOTES
[1] Hudson filed a motion for postconviction relief on the same grounds one year earlier. The trial court denied the motion after a hearing in which the court ordered that Hudson be remanded to the custody of the Department of Corrections under the original plea negotiation and the sentence previously imposed. The court also gave Hudson an opportunity to withdraw his plea at that hearing. He chose not to do so.