PER CURIAM.
Marvin Moore appeals his conviction and sentence for armed robbery.[1] We affirm the conviction but reverse the sentence and remand with directions to conform the written sentence to the oral pronouncement of sentence by the trial court.
One of the contested issues at trial was whether Mr. Moore robbed the victim with a “firearm” or with a “deadly weapon.” In an apparent tactical effort to avoid the second charge of possession of a firearm by a convicted felon, defense counsel took the position that Mr. Moore was carrying a BB gun which was a deadly weapon but not a firearm. After a bench trial,[2] the court ruled that the State had failed to prove beyond a reasonable doubt that the weapon was a shotgun, concluded it was a BB gun, and convicted Mr. Moore of armed robbery under section 812.13(2), Florida Statutes (1993). Now, though conceding that the issue was not preserved, Mr. Moore seeks reversal of his conviction by arguing that the State failed to present evidence of an essential element of the crime of armed robbery. We conclude that this issue was not preserved. Moreover, sufficient evidence was presented to the court below to permit the factual conclusion that Mr. Moore committed the robbery with a deadly weapon. See State v. Hudson, 698 So.2d 831 (Fla.1997).
The second issue on appeal is whether the trial court erred in entering a written sentencing order which departed from the oral pronouncement made at the sentencing hearing. Although the defendant was sentenced as a habitual violent felony offender, the sentence orally pronounced did not include a minimum mandatory term. The written sentence imposes a ten year minimum mandatory term. Under White v. State, 618 So.2d 354 (Fla. 1st DCA 1993), the written order would have been affirmed, under the reasoning that the orally pronounced sentence, without a minimum mandatory term, was illegal. However, White is no longer the controlling authority. We conclude that the trial court had the discretion to enter the orally pronounced sentence with no minimum mandatory term, and, therefore, it was error to enter a written sentence which departed from the oral pronouncement. See Moody v. State, 699 So.2d 1009 (Fla.1997); State v. Hudson, 698 So.2d 831, 833 (Fla.1997).
Accordingly, we AFFIRM the appellant’s conviction, but we REVERSE the written sentence and REMAND with directions that the lower court bring the written sentencing documents into conformity with the oral pronouncement of sentence. See Taylor v. State, 425 So.2d 1191, 1194 (Fla. 1st DCA 1983).
KAHN, MICKLE and DAVIS, JJ., concur.

. Mr. Moore was convicted and sentenced in 1994; this direct appeal is timely by virtue of a ruling pursuant to an earlier rule 3.850 proceeding that he is entitled to a belated appeal.

. Mr. Moore waived his right to a jury trial.