714 So.2d 434 (1998)
Paul T. NEWELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 91135.
Supreme Court of Florida.
June 11, 1998.
Paul T. Newell, pro se, Daytona Beach, Petitioner.
Robert A. Butterworth, Attorney General, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent.
HARDING, Justice.
We have for review Newell v. State, 696 So.2d 892 (Fla. 5th DCA 1997). The basis for our jurisdiction lies in the fact that the Fifth District Court of Appeal rendered a per curiam decision with citation to Moody v. State, 696 So.2d 797 (Fla. 2d DCA 1997). This Court subsequently accepted Moody for review and quashed the decision below. Moody v. State, 699 So.2d 1009 (Fla.1997). Thus, we have jurisdiction based on article V, section 3(b)(3) of the Florida Constitution. See also Jollie v. State, 405 So.2d 418 (Fla. 1981).
In State v. Hudson, 698 So.2d 831, 833 (Fla.1997), this Court concluded that a trial court's "sentencing discretion [under the habitual offender statute] extends to determining whether to impose a mandatory minimum term." We quashed the decision in Moody because the district court concluded otherwise. We also remanded that case for proceedings consistent with our opinion in Hudson. Moody, 699 So.2d at 1009.
In the instant case, the State concedes that the reason given by the trial court for summarily denying Paul Newell's motion for postconviction reliefthat mandatory minimum sentencing provisions of the habitual offender statute are required to be imposedwas incorrect. However, the State contends that summary denial was proper for a different reason. The State asserts that it has been clear since 1992 when this Court issued its opinion in Burdick v. State, 594 So.2d 267 (Fla.1992), that a trial court is not required to impose a mandatory minimum sentence upon habitual offenders. Thus, the State reasons, Newell should have raised this issue in his direct appeal, which concluded in February 1995, and he is not entitled to postconviction relief.
We find several flaws in the State's argument. First, this Court accepted jurisdiction in Hudson because of a conflict between the district courts of appeal on this very issue. See Hudson, 698 So.2d at 832 (citing conflict between the Third and Fourth District Courts of Appeal, which held that sentencing to mandatory minimum term was permissive, and the First, Second, and Fifth District Courts of Appeal, which held that mandatory minimum term must be imposed); see also State v. Hudson, 689 So.2d 1072 (Fla.1997) (granting review of the district court decision on the basis of express and direct conflict). Thus, Florida law was not clear on this issue as late as 1997. Second, the petitioner in Moody raised this issue in a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. This Court *435 quashed the district court decision affirming the trial court's denial of relief and remanded for further proceedings. Thus, this Court has at least implicitly acknowledged that this issue can be raised in a motion for postconviction relief.
Accordingly, we quash the decision below that cited Moody as authority. We remand for further proceedings consistent with our opinion in Hudson.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, ANSTEAD and PARIENTE, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, Justice, dissenting.
First, for the reason expressed in my dissent in State v. Hudson, 698 So.2d 831, 833 (Fla.1997), I dissent. I continue to believe it is error for this Court not to enforce the statute as the legislature wrote it.
Second, a reading of the majority opinion in Hudson plainly shows that the Hudson majority's thesis was that it was reiterating its holding in Burdick v. State, 594 So.2d 267 (Fla.1992). The Hudson majority stated:
This Court has repeatedly held that sentencing under the habitual offender statute is permissive, not mandatory. Walsingham v. State, 602 So.2d 1297 (Fla.1992); Burdick v. State, 594 So.2d 267 (Fla.1992). This discretion extends to sentencing under both section 775.084(4)(a), Florida Statutes (1995), the habitual felony offender provision, and section 775.084(4)(b), the habitual violent felony offender provision. Burdick, 594 So.2d at 271.
In White, one of the conflict cases cited by the district court in the instant case, the First District Court of Appeal acknowledged the holding in Burdick and its applicability to both the habitual felony and habitual violent felony offender provisions. 618 So.2d at 358-59. However, the First District Court stated that Burdick was limited to whether the maximum sentence is mandatory or permissive and that "[i]t does not necessarily follow from Burdick that the minimum sentence for a defendant sentenced pursuant to the habitual violent felony offender statute is permissive." [White v. State, 618 So.2d 354, 359 (Fla. 1st DCA 1993) ]. The First District Court went on to conclude that the imposition of the minimum mandatory terms specified in the habitual violent felony offender provisions are mandatory, not permissive. Id. The district courts reached the same conclusion in the other conflict cases. See [Sims v. State 605 So.2d 997 (Fla. 2d DCA 1992)]; [Martin v. State, 608 So.2d 571 (Fla. 5th DCA 1992) ].
We do not agree with the interpretation imposed by the conflict cases. In Burdick, we explained that even though section 775.084(4)(a) provides that the court "shall" sentence an habitual felony offender to a specified term of years, the statute must be read consistently with subsection (4)(b), which provides that the court "may" sentence an habitual violent felony offender to the terms specified. Accordingly, we held that sentencing under both subsections (4)(a) and (4)(b) is permissive and not mandatory. Burdick, 594 So.2d at 267-68.
As we explained in Burdick, "[i]t is a well-established rule of statutory construction that when a statute is reenacted, the judicial construction previously placed on the statute is presumed to have been adopted in the reenactment." Id. at 271. Thus, the legislature has at least tacitly approved the Court's interpretation of section 775.084(4) as providing for permissive sentencing. Id.

Clearly a court has discretion to choose whether a defendant will be sentenced as an habitual felony offender. Consistent with Burdick and its progeny, we conclude that the court's sentencing discretion extends to determining whether to impose a mandatory minimum term. Cf. State v. Eason, 592 So.2d 676 (Fla.1992) (rejecting State's argument that trial court was required to sentence habitual violent felony offender to life term without eligibility for release for fifteen years; approving sentence of twenty-five years imposed by trial court and affirmed by district court).
The Court's majority then merely decided Moody v. State, 699 So.2d 1009 (Fla.1997), as summarily having within it the same issue as *436 Hudson. I do not believe it is fair to say that by this Court's decision in Moody this Court implicitly acknowledged that this issue can be raised in a motion for postconviction relief. That issue was clearly not decided in Moody.