727 So.2d 1084 (1999)
Patrick Michael KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03761.
District Court of Appeal of Florida, Second District.
February 26, 1999.
J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
The appellant, Patrick Michael Kelly, challenges the thirty-year habitual violent felony offender sentence and the fifteen-year minimum mandatory term for robbery with a deadly weapon. We reverse the habitual violent felony offender sentence and the minimum mandatory provision.
This is the second appeal in this case. After the appellant was convicted and sentenced for robbery with a deadly weapon and *1085 aggravated assault, he appealed, and this court reversed the habitual violent felony offender sentence for the robbery with a deadly weapon conviction. See Kelly v. State, 629 So.2d 325 (Fla. 2d DCA 1993). The case was remanded, and the trial court resentenced the appellant.
In the instant appeal, the appellant contends that the trial court erred in resentencing him on the robbery with a weapon charge by imposing the fifteen-year minimum mandatory provision. We agree with the appellant's contention. At the resentencing hearing, defense counsel asserted that the trial court had discretion in deciding whether to impose a minimum mandatory provision. The trial court indicated that it had no discretion and was required by statute to impose the minimum mandatory term. The trial court's conclusion was erroneous. A trial court's discretion in sentencing under the habitual violent felony offender statute extends to the determination of whether to impose a minimum mandatory term. See State v. Hudson, 698 So.2d 831, 833 (Fla. 1997). Since the trial court erroneously indicated that it did not have discretion in imposing the fifteen-year minimum mandatory term, the appellant is entitled to be resentenced.
Appellant raises an additional point. At the resentencing hearing, defense counsel maintained that the presentence investigation report and the guidelines score sheet were inaccurate. The trial court refused to consider whether the documents were accurate. We agree with appellant's contention that this was error. Section 775.084(3)(a), Florida Statutes (1991), states that the trial court shall obtain and consider a presentencing investigation prior to the imposition of a sentence as a habitual violent felony offender. See Barton v. State, 706 So.2d 399 (Fla. 2d DCA 1998). The duty to obtain and consider a presentence investigation obviously includes the obligation to consider a challenge to the accuracy of the report.
We reverse the habitual violent felony offender sentence and remand for resentencing. On remand the trial court must consider any challenge to the accuracy of the presentence investigation report and the scoresheet, and it must also recognize that imposition of the minimum mandatory provision is discretionary.
Reversed and remanded.
THREADGILL, A.C.J., and NORTHCUTT, J., Concur.