735 So.2d 514 (1999)
Jermaine CRAWFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2883.
District Court of Appeal of Florida, Third District.
April 28, 1999.
Rehearing Denied July 21, 1999.
*515 Jermaine Crawford, in proper person.
Robert A. Butterworth, Attorney General, and Dominique T. Suite-Brown, Assistant Attorney General, for appellee.
Before COPE, LEVY, and GODERICH, JJ.
PER CURIAM.
Jermaine Crawford appeals from the denial of his motion for post-conviction relief. We affirm, in part, and reverse, in part.
On November 8, 1990, Crawford was convicted of robbery and burglary with assault. The trial court adjudicated Crawford a habitual violent felony offender and sentenced him on each count to thirty years imprisonment to run concurrently, with a ten year minimum mandatory term on count I and a fifteen year minimum mandatory term on count II. In his motion for post-conviction relief, Crawford argues that there have been changes in law that have been held to apply retroactively, Adams v. State, 543 So.2d 1244, 1246 (Fla. 1989), and that his sentences must be vacated.
First, Crawford argues that the trial court at sentencing did not have the benefit of Burdick v. State, 594 So.2d 267, 271 (Fla.1992), wherein the Florida Supreme Court held that sentencing under the habitual offender statute is permissive, not mandatory. Although the State concedes that this is true, the State argues, and we agree, that Crawford is time barred from attacking his sentences on this ground because his motion for post-conviction relief was filed more than two years after the date that the significant change in law was announced. Fla. R. Crim. P. 3.850; Adams v. State, 543 So.2d at 1247. Therefore, we affirm that portion of the trial court's order denying post-conviction relief.
Next, in his motion for post-conviction relief, Crawford attacks his sentences because the trial court at sentencing did not have the benefit of State v. Hudson, 698 So.2d 831, 833 (Fla.1997),[1] wherein the Florida Supreme Court concluded that a trial court's discretion to choose whether a defendant will be sentenced as a habitual offender also extends to determining whether to impose a minimum mandatory term. Because this portion of the motion for post-conviction relief was timely filed and because the record does not indicate whether the sentencing court believed it could in fact decline to impose minimum mandatory terms, we reverse that portion of the trial court's order denying post-conviction relief and remand for the trial court to reconsider the minimum mandatory sentence as within its discretion. Hudson, 698 So.2d at 833.
Affirmed, in part, reversed, in part, and remanded.
NOTES
[1] The Florida Supreme Court has implicitly acknowledged that a claim under Hudson can be raised in a motion for post-conviction relief. Newell v. State, 714 So.2d 434, 435 (Fla.1998).