762 So.2d 528 (2000)
James Lee ANTHONY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3599.
District Court of Appeal of Florida, Second District.
January 26, 2000.
Rehearing Denied March 16, 2000.
*529 PER CURIAM.
James Lee Anthony appeals the summary dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Anthony contends that he was erroneously informed by defense counsel, the prosecutor, and the trial court that the fifteen-year minimum mandatory sentence under section 775.084(b)Florida Statutes (1990), was mandatory rather than permissive. He also asserts that his sentence is illegal because the trial court sentenced him under the assumption that the statute was mandatory rather than permissive. The trial court dismissed Anthony's motion as untimely and as successive of several previously filed postconviction motions. We affirm based on our conclusion that Anthony's motion was untimely. We do not reach the issue of whether it was also barred as successive.
Anthony concedes that his motion was filed more than two years after his convictions on August 24, 1990, became final. He contends, however, that the arguments raised in his motion were not supported by case law until the supreme court decided State v. Hudson, 698 So.2d 831, 833 (Fla. 1997) and that he filed his motion within two years from the date of that decision.
Rule 3.850(b)(2) provides an exception to the two-year time limitation for filing postconviction motions where a "fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively." See also Dixon v. State, 730 So.2d 265, 268-69 (Fla.1999) (holding, in context of rule 3.850 motion seeking retroactive benefit of Hale v. State, 630 So.2d 521 (Fla.1993), that "we consider it reasonable to calculate the two-year time period for eligible defendants to file their claims from the time our decision announcing retroactivity becomes final"). The supreme court has not decided the issue of whether Hudson applies retroactively.
In Witt v. State, 387 So.2d 922, 929 (Fla.1980), the supreme court emphasized that "only major constitutional changes of law" will be given retroactive effect so as to be cognizable under rule 3.850(b)(2). It gave as examples of such "major constitutional changes," Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in which the court first announced that each state must provide counsel to every indigent defendant charged with a felony at all critical stages of the proceeding, and Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), in which the court held that imposition of the death penalty for the crime of rape of an adult woman was forbidden by the Eighth Amendment to the United States Constitution as cruel and unusual punishment. See 387 So.2d at 929.
The court contrasted these "major constitutional changes" with "evolutionary refinements in the criminal law." Id. The court described these refinements as "affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters." Id. The court held that "[e]mergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments." Id.
Under the analysis set forth in Witt, we conclude that Hudson made an "evolutionary refinement" in the law and not a change of constitutional dimension. Therefore, Hudson does not apply retroactively to postconviction proceedings filed beyond the two-year limitation period. Cf. Magwood v. State, 701 So.2d 615 (Fla. 2d DCA 1997)(finding State v. Leroux, 689 So.2d 235 (Fla.1996), represented "evolutionary refinement" in criminal law and did not merit retroactive application in collateral proceeding brought after two-year time limit had run). Anthony, accordingly, is not entitled to the benefit of Hudson. *530 The trial court properly dismissed his rule 3.850 motion as untimely.[1]
Affirmed.
FULMER, A.C.J., and STRINGER and DAVIS, JJ., Concur.
NOTES
[1] In reaching this result, we have not overlooked the Third District's decision in Crawford v. State, 735 So.2d 514 (Fla. 3d DCA 1999). In Crawford, the Third District failed to address whether State v. Hudson, 698 So.2d 831 (Fla.1997), applied retroactively under the analysis used in Witt v. State, 387 So.2d 922, 929 (Fla.1980); nor did the court cite to any decision concluding that Hudson applied retroactively. In the absence of a determination finding retroactive application of a decision, a defendant cannot avoid the two-year limitations period for filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Fla. R.Crim. P. 3.850(b)(2).