FLETCHER, Judge.
Herbert Curtis Jones appeals from the denial of his motion for postconviction relief, styled as a motion to vacate, set aside, or correct sentence based on a change in the law. We affirm in part, and reverse in part.
In September of 1989, Jones was charged with burglary of an occupied conveyance with assault, and with robbery. He was convicted and sentenced to thirty years on the burglary count and to ten years on a lesser included offense of theft; these sentences run consecutively for a total of forty years in prison. In 1990, the sentences were amended to include habitu-alization under section 775.084(4)(a), Florida Statutes (1988). Jones here claims that at the time he was sentenced the lower court did not realize that sentencing under the habitual offender statute was discretionary. The record is silent as to whether the lower court knew it had discretion to sentence, or impose mandatory minimum sentences, under the habitual offender statute. Since Jones was sentenced, the Florida Supreme Court has explained that sentencing as an habitual offender, as well as imposition of mandatory minimum terms, is discretionary under the habitual offender statute. State v. Hudson, 698 So.2d 831 (Fla.1997); Burdick v. State, 594 So.2d 267 (Fla.1992). Thus, Jones argues, we should remand for resentencing with instructions that the lower court re-evaluate Jones’s sentence in light of current understanding. See Newell v. State, 714 So.2d 434 (Fla.1998)(“ ... Florida law was not clear on this issue as late as 1997.”).
We agree with the State that the aspect of Jones’s petition which relies upon Burdick v. State, 594 So.2d 267 (Fla.1992), is untimely as filed more than two years *1067 beyond the date of that decision, and we affirm denial of postconviction relief premised on Burdick. However, the State concedes that the petition was timely filed within two years of the Hudson decision, and we agree that Jones may proceed on that basis. The State then argues that because the thirty-year sentence under the habitual offender statute was also within permitted sentencing guidelines, it is not necessary to remand for resentencing because the defendant could have gotten the same sentence either way. We find this argument unconvincing.
The case is more appropriately governed by Crawford v. State, 735 So.2d 514 (Fla. 3d DCA 1999), in which this Court allowed a defendant who was convicted in 1990 of robbery and burglary with assault to proceed with a 3.850 petition based on the 1997-decided Hudson, as the defendant filed his petition within two years from the date of that decision. This Court reversed that portion of the trial court’s order denying post-conviction relief and remanded to reconsider the minimum mandatory sentence as within its discretion, pursuant to Hudson. The only other case on point is Anthony v. State, 762 So.2d 528 (Fla. 2d DCA 2000), with which Crawford is in conflict.[1]
We reverse that portion of the lower court’s order denying post-conviction relief and remand for the trial court to reconsider Jones’s minimum mandatory sentence as within its discretion pursuant to Hudson. On the issue of the retroactive applicability of Hudson, we certify conflict with the second district’s decision in Anthony, 762 So.2d 528 (Fla. 2d DCA 2000).
Affirmed in part, reversed in part, and remanded.

. The Anthony court was presented with similar facts: the defendant conceded that' his motion was filed more than two years after his conviction became final in 1990, but the arguments raised in his motion were not supported by case law until Hudson in 1997, and he filed his petition within two years of that date. The second district analyzed the exceptions to the two-year filing limitation under rule 3.850, and determined that Hudson was merely an evolutionary refinement in the law, not a change of constitutional dimension that would justify retroactive application (especially where the Court in Hudson and progeny did not decide the issue of retroactivity). The second district noted that the Crawford court failed to address whether Hudson applied retroactively. "In the absence of a determination finding retroactive application of a decision, a defendant cannot avoid the two-year limitations period for filing a motion....” Anthony at n. 1.