779 So.2d 399 (2000)
David WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-1981.
District Court of Appeal of Florida, Second District.
August 2, 2000.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted David Wright of one count of battery on a law enforcement officer. Wright seeks reversal of his conviction, claiming the circuit court erred in denying his motion for judgment of acquittal *400 and in giving the jurors an Allen[1] charge. We affirm the conviction without discussion, but we agree with Wright's challenge to the minimum mandatory portion of his sentence and reverse.[2]
The court sentenced Wright to ten years' incarceration, including a five-year minimum mandatory term. At the hearing, the judge did not recite any statutory authority for the minimum mandatory portion of the sentence, but the written judgment states it was ordered pursuant to section 775.0823, Florida Statutes (1995). The State correctly concedes that section would not authorize a minimum mandatory term in this case. It argues instead that the judgment contains a scrivener's error and that the court intended to apply section 775.084(4)(b)3, Florida Statutes (Supp.1996), which mandates a five-year minimum mandatory term for a habitual violent felony offender. The State filed a notice of its intent to seek either habitual felony offender or habitual violent felony offender sentencing. See § 775.084(1)(a), (b), (3)(b), Fla. Stat. (Supp. 1996). At the sentencing hearing, however, the circuit court specifically announced that Wright would be sentenced as a habitual felony offender, and the written judgment mirrors this pronouncement. The transcript of the sentencing hearing shows that neither the State nor the court mentioned habitual violent felony offender sentencing. The habitual felony offender sentencing statute, section 775.084(4)(a), does not provide for minimum mandatory terms of incarceration.
We reverse Wright's sentence and remand for resentencing without a minimum mandatory term. Wright need not be present for this proceeding.
Conviction affirmed, sentence reversed and remanded.
FULMER, A.C.J., and DAVIS, J., Concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
[2] Wright did not object to the imposition of a minimum mandatory term at his sentencing hearing, but argues on appeal that it constituted fundamental error. We agree. See Maddox v. State, 760 So.2d 89, 103 (Fla.2000) (noting that improper imposition of a minimum mandatory term can result in incarceration for a period longer than that provided for by law and that such errors can be corrected on direct appeal even if not preserved). Wright is within the window period established in Maddox; his appeal fell between the effective date of the Criminal Appeal Reform Act and effective date of the amendments to Florida Rule of Criminal Procedure 3.800(b). See id. at 94.