PER CURIAM.
Thomas Jerome Thomas, the appellant, argues on appeal that the trial court erred in re-sentencing him to a habitual violent felony offender minimum mandatory term after it vacated his prison releasee reoffen-der mandatory term. We affirm.
Because the trial court vacated the appellant’s previous sentence on his one count of attempted first-degree murder, no double jeopardy attached on re-sentencing. See Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000). Upon re-sentencing, the trial court could not re-sentence the appellant to a longer period of incarceration, but it could accomplish its sentencing goal of imposing a minimum mandatory sentence. See Blackshear v. State, 531 So.2d 956 (Fla.1988); Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982). The trial court stated at the re-sentencing hearing that its intent was to impose a minimum mandatory sentence. As it was mistaken that the appellant qualified as a prison releasee reoffen-der, the trial court could accomplish its sentencing goal by exercising its discretion and imposing a minimum mandatory sentence under the habitual violent felony offender statute. See § 775.084(4)(b), Fla. Stat. (1999); see also State v. Hudson, 698 So.2d 831 (Fla.1997) (court’s sentencing discretion extends to imposing minimum mandatory term).
AFFIRMED.
BOOTH, WOLF and LEWIS, JJ., concur.