PER CURIAM.
Lorenzo Randolph appeals the summary denial of his motion filed under Florida Rule of Criminal Procedure 8.850. We affirm the denial of his claims involving purported prosecutorial misconduct, but reverse the denial of his claim seeking remand for reconsideration of his minimum-mandatory sentence imposed before the supreme court decided State v. Hudson, 698 So.2d 831 (Fla.1997).
*1081 Randolph was convicted of armed robbery following jury trial and sentenced in 1994 to 25 years in prison as a habitual violent felony offender with a 15-year minimum-mandatory sentence under section 775.084(4)(b)(l), Florida Statutes (1998), and a consecutive three-year minimum-mandatory sentence for carrying a firearm. While Randolph’s appeal was pending in this court, the supreme court held in Hudson that not only is imposition of a maximum sentence under the habitual-offender statute permissive rather than mandatory under Burdick v. State, 594 So.2d 267 (Fla.1992), but “the court’s sentencing discretion extends to determining whether to impose a mandatory minimum term.” Hudson, 698 So.2d at 833. The supreme court thereupon overruled decisions of several districts holding to the contrary, including this court’s in White v. State, 618 So.2d 354 (Fla. 1st DCA 1993). After we had affirmed Randolph’s conviction in 1997,[1] he filed a timely motion for post-conviction relief seeking reconsideration of his minimum-mandatory sentence for the first time.
The trial court summarily denied Randolph’s claim, because the court at sentencing had stated: “I find that you should be sentenced as an habitual violent felony offender. Accordingly, I ... sentence you to be imprisoned for 25 years as an habitual violent felony offender, [and] order that you not be eligible for release for a period of 15 years.” From this statement, the court below concluded: “Thus, Defendant was sentenced to an enhanced punishment not based on a belief that this Court had no discretion but to sentence him as an habitual violent felony offender with a minimum mandatory term.” On the contrary, the sentencing judge’s statement reveals nothing about whether he believed he had discretion with regard to minimum manda-tories. More importantly, when the trial court imposed Randolph’s minimum-mandatory sentence in 1994, this court’s 1993 decision in White remained valid, which provided that although habitual-offender sentencing was permissive, imposition of the minimum-mandatory sentence was mandatory.
The excerpt from the sentencing proceedings the court below attached to its summary denial does not conclusively show that the judge at sentencing believed that imposition of the minimum mandatory was discretionary. We therefore reverse the order, and remand for the purpose of giving the trial court the opportunity to either attach another portion of the record showing that Randolph is not entitled to relief on this issue, or to hold an evidentia-ry hearing. See, e.g., Webb v. State, 757 So.2d 608 (Fla. 5th DCA 2000). If the record is silent on this matter, Randolph is entitled to reconsideration of the minimum-mandatory portion of his sentence under Hudson. See, e.g., Jones v. State, 760 So.2d 1066 (Fla. 3d DCA 2000) (reversing denial of post-conviction relief and remanding for reconsideration of minimum-mandatory under Hudson, when record was silent as to whether the trial court knew it had the discretion to impose a minimum-mandatory sentence).
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings.
ERVIN, MINER and BROWNING, JJ., concur.

. Briefing was completed in Randolph's appeal a full year before the supreme court decided Hudson, and there is no indication that the issue in Hudson was raised or considered in such appeal.