807 So.2d 52 (2001)
Paul Wayne NEW, Petitioner,
v.
STATE of Florida, Respondent.
SC00-1240.
Supreme Court of Florida.
December 6, 2001.
Rehearing Denied February 4, 2002.
Paul W. New, Lake Butler, FL, Petitioner, pro se.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review the decision in New v. State, 765 So.2d 93 (Fla. 1st DCA 2000), which certified conflict with the decision in Crawford v. State, 735 So.2d 514 (Fla. 3d DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS
Paul New pled guilty to three counts of robbery. On November 1, 1994, he was sentenced as a habitual violent felony offender and the court imposed concurrent terms of fifteen years' incarceration with a minimum mandatory sentence of ten years pursuant to section 775.084(4)(b).[1] Subsequent *53 to the imposition of petitioner's sentence, this Court issued its opinion in State v. Hudson, 698 So.2d 831, 832 (Fla.1997), wherein we reiterated our previous holding that "sentencing under the habitual offender statute is permissive, not mandatory."[2] We concluded that this sentencing discretion extends to "determining whether to impose a mandatory minimum term." 698 So.2d at 833.
Within two years of this ruling, New filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,[3] alleging that the trial court failed to recognize and exercise its discretion when it imposed his sentence. The trial court denied the motion as untimely. The First District Court of Appeal affirmed the trial court's ruling, but certified conflict between Anthony v. State, 762 So.2d 528 (Fla. 2d DCA 2000), which held that Hudson did not apply retroactively, and Crawford v. State, 735 So.2d 514 (Fla. 3d DCA 1999), which applied Hudson retroactively.
This Court has previously announced that a change in decisional law should not be applied retroactively unless it so drastically alters the substantive or procedural underpinnings of a final conviction and sentence that individual instances of obvious injustice would otherwise exist. Accordingly, for a change of law to be applied retroactively it must: (1) originate in this Court or the United States Supreme Court; (2) be constitutional in nature; and (3) represent a development of fundamental significance. Witt v. State, 387 So.2d 922, 931 (Fla.1980).
Applying the teachings of Witt, we conclude that Hudson is not constitutional in nature and does not represent a development of fundamental significance but is merely an evolutionary refinement which makes clear that under section 775.084 a trial court has discretion in whether or not to impose a mandatory minimum sentence. Accordingly, we approve the First District's decision.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, LEWIS, and QUINCE, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which PARIENTE, J., concurs.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, J., concurs.
ANSTEAD, J., dissenting.
I cannot agree with the majority's decision concluding that the petitioner is not entitled to collateral relief under this Court's decision in State v. Hudson, 698 So.2d 831 (Fla.1997).
*54 First, we have already decided this issue in petitioner's favor in Newell v. State, 714 So.2d 434, 435 (Fla.1998), wherein we quashed the district court's decision affirming the denial of Newell's postconviction claim under Hudson. In granting relief to Newell, we held that "this Court has at least implicitly acknowledged [in Moody v. State, 699 So.2d 1009 (Fla.1997)], that this issue can be raised in a motion for postconviction relief." Id. Of course, in Newell we explicitly recognized that Hudson could be asserted in postconviction proceedings and we remanded for further proceedings in accord with Hudson.
Constitutional law also requires that we grant relief. In Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001), the United States Supreme Court held that it would be a violation of due process to deny a defendant collateral relief following a state's highest court's decision defining a criminal statute for the first time in a way demonstrating that the collateral defendant was erroneously punished under the statute. As in Fiore, in Hudson we interpreted and defined the meaning of the permissive sentencing provisions for the first time. Everyone concedes that the trial court's interpretation of those same provisions in New's case was contrary to our decision in Hudson. Hence, as in Fiore, New is entitled to collateral relief.
PARIENTE, J., concurs.
PARIENTE, J., dissenting.
I concur with Justice Anstead's dissent. As a matter of fundamental fairness our decision in State v. Hudson, 698 So.2d 831 (Fla.1997), should be applied retroactively, as we have already acknowledged in both Newell v. State, 714 So.2d 434, 435 (Fla. 1998), and Moody v. State, 699 So.2d 1009 (Fla.1997). In both of these decisions, we approved allowing a claim based on Hudson to be raised in motions for postconviction relief.
To determine whether a decision should be applied retroactively, "the fundamental consideration is the balancing of the need for decisional finality against the concern for fairness and uniformity in individual cases." State v. Callaway, 658 So.2d 983, 986 (Fla.1995). In the limited number of decisions that are applied retroactively, we have determined that concerns for basic fairness and uniformity of treatment among similarly situated defendants outweigh any adverse impact that retroactive application of the rule might have on decisional finality. See Callaway, 658 So.2d at 987.
Indeed, in sentencing issues it is more likely that concerns for fairness and uniformity may prevail over decisional finality because the underlying conviction remains undisturbed. As we elaborated in Dixon v. State, 730 So.2d 265, 267 (Fla.1999):
Our underlying concerns in Callaway were fundamental fairness and uniformity in sentences between similarly situated prisoners. As expressed by both Judge Altenbernd writing for the Second District in Callaway v. State, 642 So.2d 636, 641 (Fla. 2d DCA 1994), approved, 658 So.2d 983 (Fla.1995), and by Justice Grimes writing for this Court in Callaway, 658 So.2d at 987, the failure to give Hale [v. State, 630 So.2d 521 (Fla.1999)] retroactive application would result in some prisoners serving sentences twice as long as those imposed on similarly situated prisoners.
In Callaway, Justice Grimes concluded that the "decision in Hale significantly impacts a defendant's constitutional liberty interests," and that:
[The] retroactive application of the rule announced in Hale will have no serious adverse effect upon the administration of justice. Courts will not be *55 required to overturn convictions or delve extensively into stale records to apply the rule. The administration of justice would be more detrimentally affected if criminal defendants who had the misfortune to be sentenced during the six year window between the amendment of section 775.084 and the decision in Hale are required to serve sentences two or more times as long as similarly situated defendants who happened to be sentenced after Hale.

658 So.2d at 987.
In a forceful concurring opinion in State v. Stevens, 714 So.2d 347, 349-51 (Fla. 1998) (Harding, J., concurring), Justice Harding elaborated on the difficulties of an inflexible application of the Witt test with regard to whether decisions are constitutional in nature and of fundamental significance.[4] This case represents one more example of the difficulties of employing an inflexible test to determine whether a decision of this Court should be given retroactive effect. In the end, it is simply fundamentally unfair not to afford postconviction relief to defendants who were sentenced to habitual offender sentences under an erroneous application of the law-especially when we already have authorized postconviction relief on the basis of a retroactive application of Hudson in both Newell and Moody.
ANSTEAD, J., concurs.
NOTES
[1] Section 775.084(4)(b)2, Florida Statutes (1993), provides in relevant part:

(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
. . . .
2. In the case of a felony of the second degree, for a term of years not exceeding thirty, and such offender shall not be eligible for release for 10 years.
[2] See Walsingham v. State, 602 So.2d 1297, 1297 (Fla.1992) (stating that "sentencing under the habitual offender statute is permissive, not mandatory"); Burdick v. State, 594 So.2d 267, 271 (Fla.1992) (holding that "sentencing under sections 775.084(4)(a)(1) and 775.084(4)(b)(1) is permissive, not mandatory").
[3] Generally, in a noncapital case, a motion for postconviction relief must be filed within two years from the date that the judgment and sentence become final. However, a petitioner may file a 3.850 motion beyond this two-year bar if the motion relies on a "fundamental constitutional right [that] was not established within the period provided for herein and has been held to apply retroactively." Fla. R.Crim. P. 3.850(b)(2). New asserts that his motion for postconviction relief is timely because it is based on a new right established by this Court in Hudson.
[4] As this Court explained in Witt v. State, 387 So.2d 922, 931 (Fla.1980), for a case to be applied retroactively, it must satisfy three requirements: (1) it must emanate from the United States Supreme Court or the Florida Supreme Court; (2) it must be constitutional in nature; and (3) it must constitute a development of fundamental significance.