GREEN, Judge.
Gene Reed Robbins petitions this court for a new appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). He alleges that his appellate counsel was ineffective in failing to argue on direct appeal that the written sentence entered in his case did not conform to the oral pronouncement of sentence or that he was otherwise entitled to have the minimum mandatory portion of his sentence revisited pursuant to State v. Hudson, 698 So.2d 881 (Fla.1997). We agree, grant the petition, and remand to the trial court for resentencing as described below.
Robbins was convicted of aggravated battery, and on August 13, 1997, he was sentenced to fifteen years’ imprisonment as a habitual violent felony offender. The oral pronouncement of sentence did not include the ten-year minimum mandatory sentence provided for by section 775.084, Florida Statutes (1995), although at the time of sentencing, trial courts in this district were required to impose it. See Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992), disapproved by State v. Hudson, 698 So.2d 831 (Fla.1997). The written sentence however did include the ten-year minimum mandatory.
Robbins timely appealed, and the initial brief was filed October 29, 1998. Appellate counsel did not address the discrepancy between the oral and written pronouncement or otherwise argue that Robbins was entitled to have the trial court reconsider the minimum mandatory *961 sentence.[1] This is a significant error because by the time Robbins’ initial brief was filed, the supreme court had held that imposition of the minimum mandatory sentence under the habitual violent felony offender statute was discretionary. Hudson, 698 So.2d at 838. Robbins was entitled to the benefit of Hudson under the pipeline rule. See, e.g., Bledsoe v. State, 764 So.2d 927 (Fla. 2d DCA 2000) (holding that under the pipeline rule the disposition of a case on appeal should be made in accord with the law in effect at the time of the appellate court’s decision rather than the law in effect at the time judgment was entered).
Pursuant to Hudson, Robbins was entitled to either have the written judgment corrected to conform to the oral pronouncement, see Winchell v. State, 740 So.2d 572 (Fla. 2d DCA 1999) (holding that where trial court failed to orally pronounce permissive minimum mandatory sentence it would be stricken) or to have the trial court reconsider whether to impose the minimum mandatory sentence. See Kelly v. State, 727 So.2d 1084 (Fla. 2d DCA 1999) (reversing and remanding for the trial court to consider whether to impose the minimum mandatory sentence where the trial court erroneously believed at sentencing that it had no discretion in the matter). Because at the time Robbins was sentenced the trial court need not have orally pronounced the minimum mandatory in order for Robbins to serve it, see Moody v. State, 696 So.2d 797, 798 (Fla. 2d DCA 1997), quashed, 699 So.2d 1009 (Fla. 1997), we do not think that it is fair to the State to simply strike it. Instead, we reverse that portion of the sentence and remand for the trial court to decide whether to impose the minimum mandatory ten-year sentence. Robbins shall be present and represented by counsel at the resen-tencing hearing.
We reject without comment Robbins’ argument that he is entitled to have the nonmandatory portion of his sentence reconsidered.
Petition denied in part, granted in part, sentence vacated in part, and case remanded for resentencing.
COVINGTON, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. Although the error was not preserved it could, at the time of the appeal, be raised as fundamental error. See Maddox v. State, 760 So.2d 89 (Fla.2000); Wright v. State, 779 So.2d 399 (Fla.2d DCA 2000).