838 So.2d 1205 (2003)
Charles B. FUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4003.
District Court of Appeal of Florida, Second District.
February 28, 2003.
*1206 Charles B. Fuston, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Charles B. Fuston appeals the denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State has filed a thorough and professional answer brief admitting that the minimum mandatory terms imposed at a second sentencing hearing in January 1994 are illegal and further suggesting that the judgment should be amended to reflect a conviction for burglary with battery rather than burglary of an occupied dwelling.[1] We agree and reverse the postconviction order. On remand, the trial court shall vacate the second set of sentences that contain minimum mandatory terms and should also correct the scrivener's error in the judgment.
In August 1993, Mr. Fuston entered an open plea to the offenses of burglary with battery,[2] aggravated battery,[3] and resisting arrest with violence.[4] After the preparation of a presentence investigation, the trial court sentenced Mr. Fuston as a habitual violent felony offender on October 5, 1993. The trial court imposed concurrent sentences of thirty years' imprisonment for the burglary conviction, ten years' imprisonment for the aggravated battery conviction, and five years' imprisonment for the resisting conviction. The trial court considered whether to impose minimum mandatory terms and elected not to impose those terms in this case. Mr. Fuston appealed these sentences, and the State did not. In 1995, this court affirmed the sentences imposed in October 1993. Fuston v. State, 652 So.2d 824 (Fla. 2d DCA 1995).
While Mr. Fuston's case was pending on appeal, the Department of Corrections (the *1207 Department) sent a letter to the trial court on December 3, 1993, claiming that the trial court had failed to impose minimum mandatory terms and that it was required to do so. The Department took the position that the trial court had no discretion but to impose ten-year minimum mandatory terms for the first two offenses and a five-year minimum mandatory term for the third offense. This position was not supported by the supreme court's decisions in Burdick v. State, 594 So.2d 267 (Fla.1992), or State v. Eason, 592 So.2d 676 (Fla. 1992), but in fairness to the Department, it was consistent with an opinion from this court. See Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992), overruled, State v. Hudson, 698 So.2d 831 (Fla.1997). The Department informed the trial court that it was treating Mr. Fuston as if the minimum mandatory terms had been imposed, and informed the trial court that it must submit an amended sentence eliminating the habitual violent felony offender status if it intended to sentence Mr. Fuston without the minimum mandatory terms.
We are aware that the Department regularly sends such letters to the trial courts. The Department often receives confusing sentencing documents, and it undoubtedly has the authority to request clarification of those sentences in order to assure that it does not keep a prisoner longer than the time specified in the sentence. Moreover, the Department has considerable expertise in sentencing and can often alert a trial judge to the existence of an illegal sentence. On the other hand, we know of no power given to the Department to reverse a sentence, or to disobey a sentence, when it is not ambiguous. The Department has no authority to impose a more onerous sentence upon a prisoner than the sentence actually imposed by the trial court. If the State believes a sentence is erroneous, it is obligated to preserve this issue and appeal it to an appropriate appellate court. Otherwise, the sentence imposed by the court stands, and the Department must comply with that sentence.
In this case, when the trial court received the letter from the Department, it held another sentencing hearing in January 1994. Mr. Fuston was present for the hearing and expressed understandable confusion as to how the hearing related to his appeal. The trial court did not amend the sentence to remove the habitual violent felony offender status as suggested by the Department. Instead, it tacked a fifteen-year minimum mandatory term onto the burglary sentence, a ten-year minimum mandatory term onto the aggravated battery sentence, and a five-year minimum mandatory term onto the resisting sentence.[5] Mr. Fuston was not informed that these new sentences were appealable, and it is doubtful that this court's record was ever supplemented to include the amended sentencing documents.
Mr. Fuston has filed prior postconviction motions. See Fuston v. State, 764 So.2d 779 (Fla. 2d DCA 2000). This is the first time, however, that he has challenged the legality of his minimum mandatory terms. It is now clear that the trial court did have authority in 1993 to use discretion when deciding to impose a minimum mandatory term. See Hudson, 698 So.2d 831. We do not, however, declare that Mr. Fuston's *1208 1994 sentences are facially illegal as a result of the ruling in Hudson.
The supreme court recently held that a trial court violates double jeopardy when it brings a defendant back from prison to vacate a sentence and impose a more onerous sentence. See Ashley v. State, 28 Fla. Law Weekly S18, 2003 WL 60564, ___ So.2d ___ (Fla. Jan. 9, 2003). Under the rule announced in Ashley, the State concedes error concerning the minimum mandatory terms that were added to Mr. Fuston's sentences in January 1994.
Accordingly, on remand, the trial court shall vacate the January 1994 sentences and reinstate the October 1993 sentences, which do not contain minimum mandatory terms and have already been affirmed by this court. We note that the written judgments have never accurately reflected the convictions announced in open court. Mr. Fuston was convicted of burglary with a battery, and the written judgments have reflected burglary of an occupied dwelling. This scrivener's error should be corrected on remand.
Reversed and remand.
CASANUEVA and STRINGER, JJ., concur.
NOTES
[1] We compliment Assistant Attorney General Ronald Napolitano for his work in this case. He is often called upon by the Attorney General to sort out confusing postconviction appeals where it appears that the defendant's appeal may have merit. This is a difficult task and he performs it well. In this case, he reviewed the old records and supplied additional records to this court to demonstrate the precise nature of the error. As an officer of the court, an assistant attorney general is occasionally called upon to concede error. Mr. Napolitano's candor and professionalism in this case have assisted this court.
[2] See § 810.02(2)(a), Fla. Stat. (1993). This offense is punishable as a first-degree felony with a term of imprisonment not exceeding life.
[3] See § 784.045, Fla. Stat. (1993). This offense is punishable as a second-degree felony.
[4] See § 843.01, Fla. Stat. (1993). This offense is punishable as a third-degree felony.
[5] We are not entirely convinced that the trial court had concurrent jurisdiction to amend the 1993 sentences in order to impose more stringent sentences when those sentences were pending on appeal in this court. See Gartrell v. State, 626 So.2d 1364 (Fla.1993). Although we do not reach the issue today, it is arguable that the 1994 sentences were simply void from their inception as acts beyond the trial court's jurisdiction.