PER CURIAM.
Appellant Bobby Johnson was convicted of attempted first-degree murder and robbery with a weapon, and was sentenced in 1993 as a habitual violent felony offender to life imprisonment with a minimum mandatory term of 15 years pursuant to section 775.084, Florida Statutes (1991). Appellant now seeks review of the trial court’s denial of his post-conviction motion pursuant to Fla. R.Crim. P. 3.800 and/or 3.850 alleging several claims, one of which concerns the trial court’s alleged failure to exercise its discretion when it imposed the minimum mandatory sentence portion of his sentence.[1] See State v. Hudson, 698 So.2d 831, 833 (Fla.1997)(holding that “the court’s sentencing discretion extends to determining whether to impose a mandatory minimum term”); Randolph v. State, 789 So.2d 1080, 1081 (Fla. 1st DCA 2001)(reversing because the sentencing proceedings excerpt did not conclusively show that the judge believed that imposi *964 tion of the minimum mandatory was discretionary).
We affirm the trial court’s ruling because Hudson is not to be applied retroactively. New v. State, 807 So.2d 52 (Fla.2001).
AFFIRMED.
BOOTH, BENTON and POLSTON, JJ., concur.

. We reject Appellant's other claims without further discussion.